August 9, 2021

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    **Re:**    ***In re Changyou.com Limited Securities Litigation,***
>            <u>**Case No. 1:20-cv-05973-KAM-RLM (E.D.N.Y.)**</u>

Dear Judge Matsumoto:

We jointly write on behalf of defendants Changyou.com Limited ("<u>Changyou</u>"), Sohu.com Limited ("<u>Sohu</u>"), Sohu.com (Game) Limited ("<u>Sohu Game</u>"), Joanna Lv, and Xiao Chen (collectively, "<u>Defendants</u>"), pursuant to Rule III.B. of Your Honor's Individual Rules of Practice to request a pre-motion conference concerning Defendants' anticipated motion to dismiss ("<u>Motion</u>") plaintiff ODS Capital LLC's Corrected Amended Complaint ("<u>Complaint</u>").

## I.    Background

In January 2020, Chinese online game company Changyou was merged with and into a wholly-owned subsidiary of its indirect controlling shareholder, Chinese internet company Sohu. The transaction was a short-form merger under section 233(7) of Cayman Islands Companies Law ("<u>CICL</u>") (the "<u>Merger</u>"), which does not require a shareholder vote to complete the transaction.  Prior to the Merger, Changyou's American depository shares ("<u>ADS</u>") were publicly traded on NASDAQ.  In this action, Plaintiff alleges that the Rule 13E-3 Transaction Statement ("<u>13E-3</u>") filed with the Securities and Exchange Commission and sent to ADS holders in connection with the Merger contained false and misleading statements regarding the existence of appraisal rights under section 238 of CICL for dissenting shareholders in violation of the Securities Exchange Act of 1934 (the "<u>Exchange Act</u>").

## II.    The Proposed Motion Pursuant to FRCP 12(b)(6)

Plaintiff asserts one claim for violation of § 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (Count I), two claims for violations of Section 13(e) of the Exchange Act and Rule 13e-3 promulgated thereunder (Counts II and III), and one claim for violation of Section 20(a) of the Exchange Act (Count IV).  Defendants intend to move to dismiss all counts against them in the Complaint under FRCP 12(b)(6).

### A.  The Complaint fails to state a § 10(b) claim

As detailed below, Plaintiff has failed to satisfy the heightened pleading standard and allege with particularity facts establishing: (1) a material misrepresentation or omission by Defendants; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; and (5) Plaintiff's reliance was the proximate cause of its injury.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007).

Hon. Kiyo A. Matsumoto
August 9, 2021
Page 2

### 1. Defendants' alleged misrepresentations are not actionable as material misstatements or omissions

Plaintiff fails to allege facts showing Defendants' statements were materially false or misleading. The basis for Plaintiff's allegation that Cayman Islands law was misstated is a single decision of first impression that a Cayman Islands trial court issued 11 months *after* the 13E-3 was sent to ADS holders. Complaint, ¶¶ 73-74, 76; *In the matter of Changyou.com Limited*, FSD 120 of 2020 (Jan. 28, 2021) (holding section 238 allows dissenting shareholders right of appraisal in short-form mergers). The Cayman Islands trial decision is presently under appeal and the terms of the decision were stayed pending appeal. Order of the Grand Court, at 3, *In the matter of Changyou.com Limited*, FSD 120 of 2020 (Apr. 15, 2021) (Attached as <u>Exhibit A</u>).

Furthermore, the one misrepresentation alleged by Plaintiff – that Defendants misrepresented dissenting shareholders' appraisal rights under Cayman Islands law – was a statement of opinion and not actionable absent an allegation that the defendants' belief was not sincerely held. *See Singh v. NYCTL 2009-A Tr.*, No. 14 CIV. 2558, 2016 WL 3962009, at *7 (S.D.N.Y. July 20, 2016) (representations about the law are expressions of opinion and are generally not actionable in fraud even if false). Indeed, Plaintiff fails to allege facts showing that any of the limited circumstances warranting liability for opinion statements exist here. *Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016) (opinions actionable only where (1) speaker did not hold belief professed, (2) supporting facts supplied were untrue, or (3) though sincerely held and otherwise true, information omitted makes statement misleading to reasonable investor). Lastly, Plaintiff has failed to allege that the Defendants omitted from the 13E-3 any minority shareholder rights that they had a legal duty to disclose. *See Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19 CIV. 10067 (PAE), 2020 WL 4734989, at *6 (S.D.N.Y. Aug. 14, 2020) (pure omissions of information are not actionable absent a duty to disclose).

### 2. Plaintiff's conclusory allegations fail to establish scienter

Plaintiff does not allege with sufficient particularity facts establishing a strong inference of scienter. The Complaint's conclusory allegations regarding Defendants Sohu's and Sohu Game's motive and opportunity to commit fraud (Complaint, ¶ 104) cannot sustain a claim. *See Bay Harbour Mgmt. LLC v. Carothers,* 282 F. App'x 71, 76 (2d Cir. 2008) (citing *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001) (rejecting allegations of scienter based on economic self-interest generally possessed by most corporate officers)). Furthermore, Plaintiff's threadbare allegation that Defendants were reckless in not knowing their statements were false (Complaint, ¶ 103, 105) does not give rise to a strong inference of scienter. *Cox v. Blackberry Ltd.,* 660 F. App'x 23, 25 (2d Cir. 2016).

### 3. Plaintiff's reliance allegations are deficient

Plaintiff is not entitled to a presumption of reliance. Plaintiff claims a presumption of reliance based on: (1) *Mills v. Elec. Auto-Lite Co*; (2) *Affiliated Ute Citizens of Utah v. United States*; and (3) the fraud on the market theory. Complaint, ¶¶ 89-92. But none of those apply here. The presumption of reliance principles in *Mills* and *Affiliated Ute* are applicable where the plaintiff alleges "primarily omission claims." *See Starr ex rel. Estate of Sampson v. Georgeson Shareholder, Inc.*, 412 F.3d 103, 107 n.5 (2d Cir. 2005); *Steginsky v. Xcelera, Inc.*, No. 3:12-CV-

Hon. Kiyo A. Matsumoto
August 9, 2021
Page 3

188 SRU, 2015 WL 1036985, at \*5 (D. Conn. Mar. 10, 2015), *aff'd*, 658 F. App'x 5 (2d Cir. 2016).  But here Plaintiff's claim rests almost exclusively on an alleged misstatement.  And the fraud on the market theory fails because the "forced sale of shares through a merger does not constitute an efficient market."  *In re Shanda Games Ltd. Sec. Litigation*, No. 1:18-CV-02463 (ALC), 2019 WL 11027710, at \*9 (S.D.N.Y. Sept. 30, 2019).

Similarly, Plaintiff has failed to adequately plead actual reliance.  According to Plaintiff, it relied on the 13E-3 in deciding **both** to sell some ADSs prior to the merger **and** to hold other ADSs until the merger.  Complaint, ¶ 88.  This is incoherent.  It cannot be the case that Plaintiff relied on the same statement to take contradictory actions.  Moreover, if true, Plaintiff's alleged reliance was unreasonable.  Plaintiff alleges that Defendants' statements in the 13E-3 were plainly contradicted by the "clear[]" language of CICL section 238(1).  Complaint, ¶ 73. However, Plaintiff cannot have reasonably relied on the allegedly misleading statements about Cayman law when the purportedly "clear" language was disclosed to them and the statute was attached to the 13E-3.  *See* 13E-3, at 12, 41.

### 4.  Plaintiff fails to adequately plead damages and loss causation

Plaintiff alleges no facts to support loss causation, and the average trading price of ADS securities **increased** during the Class Period.  13E-3, at 17; *see ODS Cap. LLC v. JA Solar Holdings Co.*, No. 18-CV-12083 (ALC), 2020 WL 7028639, at \*15 (S.D.N.Y. Nov. 30, 2020) (no loss causation for selling shareholders where value of stock rose during class period). Additionally, Plaintiff alleges no facts to support its contention that it would have received "significantly greater value" if it had exercised a right of appraisal.  Complaint, ¶ 95. *ODS Cap. LLC*, 2020 WL 7028639, at \*15 ("speculation and conjecture…in the context of market prognostication" … "is not enough to sufficiently plead loss causation") (internal citations omitted).

### B.  There is no private right of action under § 13(e) of the Exchange Act

Plaintiff's Section 13(e) claim is based on the same alleged misrepresentations as their Section 10(b) claim, and thus fails for the same reasons.  Additionally, there is no private right of action under Section 13(e).  *See*, *Fasano v. Juoqing Li*, 16 cv-8759 (KPF), 2017 WL 6764692, at \*13 (S.D.N.Y. Dec. 29, 2017), *reversed on other grounds*, *Fasano v. Yu Yu*, 921 F.3d 333 (2d Cir. 2019).[1]

### III.    Proposed Briefing Schedule

Assuming the Court grants leave to make the Motion, the parties have agreed to the following briefing schedule for the Motion: (1) motion to dismiss to be filed by Defendants by September 13, 2021; (2) opposition to be filed by Plaintiff by November 12, 2021; and (3) reply to be filed by Defendants by December 13, 2021.

---

[1] Plaintiff's claim under § 20(a) fails as a matter of law because it fails to adequately allege an underlying primary breach of the securities laws and Defendants' culpable participation.  *ATSI Commc'ns, Inc.*, 493 F.3d at 108; *In re Veon Ltd. Sec. Litig.*, No. 15-cv-08672, 2018 WL 4168958, at \*21 (S.D.N.Y. Aug. 30, 2018).

Hon. Kiyo A. Matsumoto
August 9, 2021
Page 4

Respectfully submitted,


s/ Nicholas Cutaia
Nicholas Cutaia
GOULSTON & STORRS
885 Third Avenue
18th Floor
New York, NY 10022
(212) 878-5065
ncutaia@goulstonstorrs.com

*Counsel for Defendants Changyou.com
Limited, Sohu.com Limited, Sohu.com
(Game) Limited, and Joanna Lv*

Richard J. Rosensweig
Abigail Fletes
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110
Telephone: (617) 482-1776
rrosensweig@goulstonstorrs.com
afletes@goulstonstorrs.com

*Pro hac vice counsel for Defendants
Changyou.com Limited, Sohu.com Limited,
Sohu.com (Game) Limited, and Joanna Lv*


s/ Robert A. Fumerton
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant Xiao Chen*

cc:     All counsel via ECF