# Exhibit A



IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 120 OF 2020 (ASCJ)

The Hon. Mr. Chief Justice Anthony Smellie QC in Chambers

IN THE MATTER OF THE COMPANIES ACT (2020 REVISION)

AND IN THE MATTER OF CHANGYOU.COM LIMITED

BETWEEN

1. **FOURWORLD GLOBAL OPPORTUNITIES FUND, LTD.**
2. **CORBIN OPPORTUNITY FUND, L.P.**
3. **CORBIN ERISA OPPORTUNITY FUND, LTD.**
4. **BOOTHBAY DIVERSIFIED ALPHA MASTER FUND LP**
5. **BOOTHBAY ABSOLUTE RETURN STRATEGIES, LP**
6. **ATHOS ASIA EVENT DRIVEN MASTER FUND**
7. **ATHOS SPECIAL SITUATIONS FUND SPC FOR AND ON BEHALF OF ATHOS GLOBAL OPPORTUNITIES SP 1**
8. **FMAP ACL LIMITED**

**Petitioners**

-and-

**CHANGYOU.COM LIMITED**

**Respondent**

---

**ORDER**

---

**UPON** the Petitioners' summons for directions dated 9 June 2020, and the order agreed by consent dated 7 September 2020 (the "Consent Order") directing the trial of a Preliminary Issue of law (as defined in the Consent Order)

1



**AND UPON READING** the parties' agreed statement of facts dated 29 October 2020

**AND UPON** hearing leading counsel for the Petitioners and leading counsel for the Respondent at the trial of the Preliminary Issue

**AND UPON** the Court delivering judgment on the Preliminary Issue by judgment dated 28 January 2021 (the "Judgment")

**AND UPON** the Respondent's summons dated 3 March 2021 (the "Respondent's Summons")

**AND UPON READING** the first affidavit of Sarah Louise Cecile McLennan sworn on 3 March 2021 and the first affidavit Genevieve Isis White sworn on 17 March 2021 and the second affidavit of Genevieve Isis White sworn on 6 April 2021

**AND UPON** hearing counsel for the Petitioners and leading counsel for the Respondent on the Respondent's Summons

**IT IS ORDERED** that:

1.      For the reasons set out in the Judgment, the Preliminary Issue is answered as follows:

      a.      where a 'short-form' merger between a parent company and a subsidiary company is effected pursuant to section 233(7) of the Companies Act (2020 Revision), a member of the subsidiary company is entitled to payment of the fair value of their shares as appraised by the court pursuant to section 238 of the Companies Act (2020 Revision) upon dissenting from the merger; and

      b.      a member of a subsidiary company wishing to dissent from a 'short form' merger effected pursuant to section 233(7) of the Companies Act (2020 Revision) must give a notice of dissent within 20 days of the copy of the plan of merger being given to the member.

2.      The Petitioners have taken appropriate steps to dissent from the Company's Merger and have the right to prosecute their Amended Petition dated 30 June 2020.

3.   The Petitioners' costs associated with the trial of the Preliminary Issue shall be the Petitioners' costs in any event, such costs to be taxed on the standard basis, if not agreed.

4.   The Respondent be granted leave to appeal to the Court of Appeal in respect of the Judgment and this Order, without prejudice to the Respondent's position that leave is not required.

5.   For the avoidance of doubt, the terms of this Order, and any further steps in the Amended Petition in FSD 120 of 2020, shall be stayed pending determination of the Respondent's pending appeal against the Judgment and this Order to the Cayman Islands Court of Appeal (CICA 006/2021).

6.   Costs of the Respondent's Summons be reserved.

**DATED** the 15th day of April 2021

**FILED** the 15th day of April 2021

The Honourable Chief Justice Anthony Smellie QC
Chief Justice of the Grand Court
Financial Services Division

This Order was filed by Collas Crill, Attorneys-at-Law for the Petitioners whose address for service is PO Box 709, Floor 2, Willow House, Cricket Square, Grand Cayman KY1-1107

3

Agreed as to form and content


*Collas Crill*

---
Collas Crill
Attorneys for the Petitioners



*Conyers Dill & Pearman*

---
Conyers Dill & Perman
Attorneys for the Respondent

4