## Labaton Sucharow

**Carol C. Villegas**
Partner
212 907 0824  direct
212 907 0700  main
212 883 7524  fax
cvillegas@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

August 12, 2021

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Chambers: Room S905, 6C South

RE:     *ODS Capital LLC v. Changyou.com Ltd.,*
          No. 1:20-cv-05973-KAM-RLM

Dear Judge Matsumoto:

        I write on behalf of Lead Plaintiff ODS Capital LLC ("ODS" or "Plaintiff") in the above captioned action (the "Action") in response to Defendants' letter requesting a pre-motion conference regarding their anticipated motion to dismiss (the "Letter," ECF No. 29).  The arguments in Defendants' Letter only confirm that any motion to dismiss would be futile.

## I.    Background

        Defendant Changyou.com Limited ("Changyou") was privatized at an unfairly low price by its controlling shareholder (the "Merger").  ¶¶1, 94-101.[1]   The buyout was structured as a "short form" merger, meaning that it did not require a vote of public shareholders.  *Id.*  In this context, the main backstop protecting shareholders from an unfair merger is the right to judicial appraisal of their shares.  *Id.*  Despite this, Defendants claimed there were "***No Dissenters' or Appraisal Rights***" and that shareholders would "***not be able to exercise dissenters' rights***."  ¶70.

        Defendants' false denial of appraisal rights served their own interests by stopping investors from obtaining fair value for their shares, allowing Defendants to retain millions of dollars of illicit profits.  After the Merger, a Cayman court held that Defendants' assertion that appraisal rights were unavailable was "***absurd***" and found that shareholders could seek appraisal.  ¶76.

## II.   Defendants Made False Statements and Omissions

        Defendants assert that the allegations are premised on "a single decision of first impression."  Letter at 2.  While the Cayman decision certainly confirms the strength of the claims, Plaintiff pled that Defendants' disclosures were misleading for five reasons.

---

[1] Citations to ¶_ refer to paragraphs of the Corrected Amended Complaint, ECF No. 20.

**Labaton
Sucharow**

August 12, 2021
Page 2

**First**, the statutory text of the relevant law, the Cayman Islands Companies Law ("CICL"), states unequivocally that shareholders have appraisal rights. ¶¶73-75.  Section 238(1) of the CICL states that shareholders "shall be entitled to payment of the fair value of that person's shares upon dissenting from a merger or consolidation." ¶73.  The Cayman court opinion *confirms* what was already clear from the statutory text.

**Second**, Defendants falsely claimed that shareholders could not exercise appraisal rights, when, in fact, they could. ¶76.  Defendants' only argument as to why shareholders could not exercise appraisal rights is that CICL § 238(2) sets a deadline for dissenting, with the deadline expiring 20 days after a vote, and Defendants claim there is no "vote" in a short-form merger. But even crediting their view that no "vote" occurred, this would only mean that the deadline was never triggered.  The absence of an event triggering a deadline merely means that the deadline did not run.  There was never a basis to claim appraisal rights could not be exercised.

**Third**, even if there had been colorable arguments that shareholders could not exercise appraisal rights, Defendants' statements were still misleading because they claimed, without qualification and as a matter of settled fact, there was no right to appraisal. ¶79.  Defendants say that their direct denials of appraisal rights were "statement[s] of opinion."  Letter at 2.  This is galling because it was precisely Defendants' failure to disclose that (at best) it was *just their opinion* that appraisal rights did not exist, that makes their false statements so egregious.  Their characterization of the Cayman court decision as one of "first impression" (*id*.), highlights that it was preposterously misleading for them to present the issue as settled law.

Defendants cite a vastly inapposite case dealing with *wire fraud* and holding that a litigation demand for attorneys' fees was not actionable as fraud, because the statement was construed as an opinion.  Letter at 2 (citing *Singh v. NYCTL 2009-A Tr.*, 2016 WL 3962009, at *7 (S.D.N.Y. July 20, 2016)).  Furthermore, countless cases confirm that there is no general license to defraud permitting securities fraud that concerns legal misrepresentations.  *E.g.*, *In re Uniti Grp., Inc. Sec. Litig.*, 2021 WL 1238889, at *2-3 (E.D. Ark. Mar. 31, 2021); *Cambridge Ret. Sys. v. Jeld-Wen Holding*, Inc., 496 F. Supp. 3d 952, 963 (E.D. Va. 2020),

**Fourth**, Defendants misrepresent the situation by stating that the statute denied appraisal rights, when – at most – it was a decision by Changyou and Sohu to obstruct investors' ability to exercise appraisal. ¶¶80-84.  This allegation is bolstered by clear precedent, at the time of the Merger, of a company recognizing appraisal rights in the context of a short form Merger. ¶82 (Tsingda eEDU Corp. short form merger proxy stating shareholders "will be entitled to dissenters' rights.").  Defendants have no answer to this allegation.

**Fifth**, Defendants had an obligation to disclose "any other rights that may be available to security holders under the law," as required by Item 1004(d) of Regulation M-A. ¶85.  Here, Defendants failed to disclose the right to seek injunctive relief, the right to sue for quasi

# Labaton Sucharow

August 12, 2021
Page 3

appraisal, or similar remedy. *Id.* Defendants' ***only*** response is that omissions are only actionable where there is a duty to disclose (Letter at 2), but here, Defendants had exactly such a duty.

### III.   Defendants' Remaining Arguments are Completely Meritless

**Scienter**. Scienter is well pled. ¶¶102-09. For example, the incentive to reap windfall profits through a lowball buyout sufficiently pleads scienter. *In re Shanda Games Ltd. Sec. Litig.*, 2019 WL 11027710, at *7 (S.D.N.Y. Sept. 30, 2019). The Letter establishes Defendants' fraudulent involvement by admitting that what they claimed as fact, at most, reflected their "absurd" opinion. Letter at 2. Finally, the 13e-3 claims[2] do not require scienter. *Hanley v. Warburg Pincus Cap. Co.*, 2005 U.S. Dist. LEXIS 57987, at *42 (D. Ariz. Aug. 11, 2005).

**Reliance**. Defendants misleadingly cite a 2019 decision in *Shanda* for the supposed rule that fraud on the market reliance does not apply in cases concerning mergers (Letter at 3), but they fail to disclose that the opinion they cite was modified on reconsideration, which limited the decision to a case-specific finding that market efficiency was not sufficiently alleged and granted leave to amend.[3] Additionally, Defendants recognize that *Affiliated Ute* relieves the burden of proving reliance, but note that it applies only to claims that are primarily omissions. *Id.* at 2-3. Here, several of the claims are primarily omissions, including omissions in the face of regulations requiring disclosure. *E.g.*, ¶¶79, 85.

Plaintiff also alleges that ODS relied on the false statements directly. Defendants respond that it is "contradictory" that ODS sold some shares on the exchange and tendered some shares in the Merger. *Id.* at 3. This is nonsense. Plaintiff sold while relying on Defendants' fraud — that ODS sold in several individual transactions is irrelevant. Defendants also advance the deeply factual argument that reliance was unjustified — because their own false statements were apparently so obvious that no shareholder could rely. However, it is reasonable for investors to rely on disclosures that a company makes in proxy statements.

**Loss causation**. Plaintiff alleges facts showing the fair value of the Changyou shares was far higher than what ODS received. ¶¶94-101. It is hornbook law that a plaintiff defrauded into selling is entitled to "out of pocket" loss equal to "the fair value of the security he sold minus the fair value of the consideration he received." Jacobs, *Disclosure and Remedies Under the Securities Laws*, § 20:53 (Mar. 2020). Defendants just ignore this legal standard. Letter at 3.

---

[2] Defendants cite a single case commenting in dicta that there is an open question as to whether rule 13e-3 provides a private right of action. Letter at 3 (citing *Fasano v. Juoqing Li*, 2017 WL 6764692, at *13 (S.D.N.Y. Dec. 29, 2017)). But many cases have affirmed the private right of action. *E.g., Fisher v. Plessey Co.*, 1983 WL 1328 (S.D.N.Y. June 22, 1983) (detailed analysis of availability of implied cause of action in Rule 13e-3).

[3] Defendants cite *In re Shanda Games Ltd. Securities Litigation*, 2019 WL 11027710, at *8 (S.D.N.Y. Sept. 30, 2019), which was modified by ECF No. 70, 2020 WL 5813769 (S.D.N.Y. Sept. 30, 2020), in that action.

# Labaton Sucharow

August 12, 2021
Page 4

DATED: August 12, 2021

Respectfully submitted,

*/s/ Carol C. Villegas*_____

Carol C. Villegas
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
Email: cvillegas@labaton.com

*Counsel for Lead Plaintiff*
*ODS Capital LLC and the Class*