## Labaton Sucharow

**Carol C. Villegas**
Partner
212 907 0824  direct
212 907 0700  main
212 883 7524  fax
cvillegas@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

September 9, 2021

**VIA ECF**

The Honorable Kiyo A. Matsumoto
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

RE:     *In re Changyou.com Limited Securities Litigation*, No. 1:20-cv-05973-KAM-RLM

Dear Judge Matsumoto:

We write on behalf of Lead Plaintiff ODS Capital LLC ("Plaintiff") respectfully requesting a pre-motion conference consistent with Rule III(B) of Your Honor's Individual practices, to seek permission to move to change venue to the Southern District of New York, or in the alternative grant Plaintiff's application to transfer, pursuant to the attached proposed order. Plaintiff has conferred with Defendants and they have not opposed this request to transfer venue.

During the hearing on September 2, 2021, your Honor inquired about the basis for venue in the Eastern District of New York.  Claims under the Securities Exchange Act are not governed by the ordinary venue rules, instead venue is governed exclusively by Section 27 of the Exchange Act, *i.e.*, 15 U.S.C. § 78aa.  *See Cap. Intern. Sec. Grp.*, No. 99-cv-2738 (FB), 2001 WL 301137, at *2 (E.D.N.Y. Mar. 23, 2001).  Under that provision, venue is proper where "any act or transaction" constituting the violation occurred. *Diversified Hosp. Grp., Inc. v. Carson Pirie Scott & Co.*, No. 90 Civ. 2957 (WK), 1991 WL 35953, at *5 (S.D.N.Y. Mar. 8, 1991). In claims related to a merger proxy (or in this case an information statement):

> [J]urisdiction and venue are proper under section 27 in any district where any violation of the Exchange Act has occurred. The case law . . . establishes that the mailing of proxy statements that violate the Exchange Act into a district by interstate mail is sufficient to establish jurisdiction over the party mailing such materials.

*Lovenheim v. Iroquois Brands, Ltd.*, 618 F. Supp. 554, 558 (D.D.C. 1985) (citing *DeMoss v. First Artists Prod. Co., Ltd.*, 571 F. Supp. 409, 411-412 (N.D. Ohio 1983); *Abramson v. INA Cap. Mgmt. Corp.*, 459 F. Supp. 917, 920-21 (E.D.N.Y. 1978); *Mayer v. Dev. Corp. of Am.*, 396 F. Supp. 917, 928-30 (D. Del. 1975); *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F. Supp. 191, 197-198 (E.D. Pa. 1974)).  This rule recognizes the broad purpose of the Exchange Act, as it is has long been recognized that:

**Labaton Sucharow**

The Honorable Kiyo A. Matsumoto
September 9, 2021
Page 2

> The statute was one designed to put an end to interstate frauds in the sale and trading of securities. The legislative pattern envisages the likelihood that actions would take place in many places requiring the frequent use of instrumentalities of the mail or of communication. The Act meant to vest jurisdiction in every district where any use of such instrumentalities of the mail or interstate commerce was of material importance to the consummation of the scheme.

*Hooper v. Mountain States Sec. Corp.*, 282 F. 2d 195, 205 (5th Cir. 1960).  In light of that broad legal standard, Plaintiff's counsel believed that the Eastern District of New York was a proper venue. The Changyou American Depositary Shares ("ADS") at issue here were broadly held by investors across the country and the proxy was solicited by mass mailing.  Indeed, the Changyou 13E-3 Privatization Statement—which forms the basis of Plaintiff's allegations regarding the Company's misrepresentations and misstatements—indicates that the 13E-3 Statement would be mailed to the Company's shareholders, many of which are located throughout the country.  Changyou's public filings show that there were about 13.3 million ADS outstanding held during the Class Period (February 14, 2020 through April 23, 2020), and that about 6.9 million of those ADS were held by investors located throughout the United States.  Furthermore, several specific large shareholders of Changyou are known to be located in this specific district.

Defendants' pre-motion letter did not raise any challenge to venue.  ECF No. 29.  However, following the Court's inquiry, Plaintiff re-reviewed the ADS Agreement, which includes a broad clause accepting jurisdiction in any court in the State New York.  Plaintiff now realizes that a separate clause, nested within the document's arbitration provision, states that claims not subject to arbitration shall brought in "[f]ederal and state courts in the Borough of Manhattan, the City of New York."  *See* Changyou ADS Agreement, Section 7.06(b).  Given this clause, and the fact that Plaintiff's transactions in Changyou ADS were completed through a brokerage based in Manhattan, Plaintiff now respectfully submits that the matter should be transferred to the Southern District of New York.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").[1]

We submit that there has been no prejudice due to the initial decision to file this action in the Eastern District of New York and apologize to the Court and the Defendants for any inconvenience. Plaintiff has conferred with Defendants on this matter, and they have not opposed the request to transfer. If the Court grants the motion to transfer venue, Plaintiff intends to file an amended complaint in the SDNY, amending only the venue statement, and the parties agree to set a new briefing schedule following transfer to account for any requirements of the new judge.

---

[1] "Unlike the matter of jurisdiction[,] venue was (and remains) a privilege personal to each [party]." *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 n. 1 (2d Cir. 1966).

**Labaton**
**Sucharow**

The Honorable Kiyo A. Matsumoto
September 9, 2021
Page 3

In conclusion, Plaintiff requests either a pre-motion conference on this matter, or requests that the Court grant Plaintiff's application to transfer, pursuant to the attached proposed order.

Respectfully submitted,


/s/ *Carol C. Villegas*
Carol C. Villegas
Labaton Sucharow LLP
140 Broadway
New York, NY 10005

*Lead Counsel for Lead Plaintiff ODS Capital LLC*


cc:   All Counsel of Record (via CM/ECF)