# Exhibit 1

EXECUTION VERSION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW<br><br>CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between ODS Capital LLC ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited ("Sohu"), Sohu.com (Game) Limited ("Sohu Game"), Xiao Chen ("Chen"), and Joanna Lv ("Lv") (collectively, "Settling Defendants"), on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York (the "Court"). This Stipulation is intended by Lead Plaintiff and Settling Defendants (collectively, the "Parties") to fully, finally, and forever resolve, discharge, and settle the Released Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these capitalized terms is defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.       On December 8, 2020, a securities class action complaint was filed in the U.S. District Court, Eastern District of New York, styled *ODS Capital LLC v. Changyou.com Limited, et al.,* No. 1:20-cv-05973 (the "E.D.N.Y. Action"). The case was assigned to Hon. Kiyo A. Matsumoto and referred to Magistrate Judge Roanne L. Mann on the same day.

C.       By Order dated April 14, 2021 (ECF No. 9), the Court appointed ODS Capital LLC as Lead Plaintiff and approved Labaton Sucharow LLP as Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

D.       On July 2, 2021, Lead Plaintiff filed its Amended Complaint for Violations of the Federal Securities Laws (ECF No. 18) (the "Amended Complaint"), which dropped Changyou Merger Co. as a named defendant and asserted claims (1) against all Defendants, except Defendant Chen, under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (2) against all Defendants under Section 13(e) of the Exchange Act and Rule 13e-3 promulgated thereunder; and (3) against Defendants Chen, Zhang, and Lv (collectively, the "Individual Defendants") under Section 20(a) of the Exchange Act.  Lead Plaintiff asserted such claims on behalf of a class of (a) all holders of Changyou ADSs on April 23, 2020, and (b) all sellers of Changyou ADS during the period from February 14, 2020 through April 23, 2020, inclusive.  Lead Plaintiff alleged material misstatements and omissions in connection with Changyou's going private transaction, including statements concerning the availability of appraisal and other potential rights in short-form mergers under the Cayman Islands Company Law.

E.       Prior to filing the Amended Complaint, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the action.  This process included, among other things,

analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.  Lead Counsel identified and interviewed numerous former Changyou employees and other persons with relevant knowledge of the underlying allegations.  Lead Counsel also consulted with an expert on damages and loss causation issues.

F.     On August 9, 2021, Settling Defendants filed a pre-motion letter seeking to file a motion to dismiss (ECF No. 29), which Lead Plaintiff replied to (ECF No. 30), and Judge Matsumoto held a pre-motion conference on September 2, 2021.  During the conference, Judge Matsumoto raised concerns regarding the appropriateness of venue in the Eastern District of New York.

G.     On September 17, 2021, the parties filed a stipulation agreeing to transfer the E.D.N.Y. Action to the Southern District of New York (ECF No. 32), a venue that was consented to in the public agreements relating to the ADSs.  Judge Matsumoto so ordered the stipulation and transferred the case on September 18, 2021 (ECF No. 33).

H.     On September 21, 2021, the Southern District of New York docketed the transferred case as *In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (ECF No. 34) (the "S.D.N.Y. Action" and, together with the E.D.N.Y. Action, the "Action"), and The Honorable Gregory H. Woods and Magistrate Judge Robert W. Lehrburger were assigned to the case.

I.      On October 8, 2021, Lead Plaintiff filed a Second Amended Complaint for Violations of the Federal Securities Laws (ECF No. 38) (the "Complaint"), which was substantially the same as the Amended Complaint, with minor changes to reflect the change in venue from the Eastern District of New York to the Southern District of New York.

J.      Thereafter the parties began discussing the possibility of reaching a negotiated settlement, ultimately reaching an agreement in principle to settle the Action.

K.      On October 29, 2021, Settling Defendants served a motion to dismiss the Complaint (the "Motion to Dismiss"), which, pursuant to the Court's September 2, 2021 Minute Entry, was not filed on the docket.

L.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the parties.

M.      Lead Plaintiff believes that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted.  However, Lead Plaintiff and Lead Counsel have taken into account the arguments asserted in the Motion to Dismiss, and the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel is mindful of the inherent problems of proof and defenses to the claims alleged in the Action. Based upon their investigation and prosecution of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.

N.      Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Each Settling Defendant has expressly denied and continues to deny all

allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action. Settling Defendants have maintained and continue to maintain that each and every one of the Complaint's claims and/or potential claims lacks merit and that Settling Defendants have meritorious defenses to all claims alleged in the Complaint.

O.     This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Settling Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Settling Defendants are entering into this Settlement solely to eliminate the burden, expense, uncertainty, and distraction of further litigation.

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by the Settling Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all

Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.       As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)       "Action" means the civil action originally filed in the United States District Court for the Eastern District of New York and captioned *ODS Capital LLC v. Changyou.com Limited, et al.*, No. 1:20-cv-05973-KAM, which was transferred to the United States District Court for the Southern District of New York and captioned *In re Changyou.Com Limited Securities Litigation,* Case No. 1:21-cv-07858-GHW.

(b)       "ADS" means American Depository Share.

(c)       "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(d)       "Authorized Claimant" means a Settlement Class Member who submits a valid Claim Form to the Claims Administrator that is accepted for payment.

(e)       "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process claim forms, and to administer the Settlement.

(f)       "Class Period" means the period from February 19, 2020 through April 23, 2020, inclusive.

(g) "Court" means the United States District Court for the Southern District of New York.

(h) "Defendants" means Changyou.com Limited, Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, Charles Zhang, and Joanna Lv.

(i) "Defendants' Counsel" means the law firms of Goulston & Storrs PC, counsel for Defendants Changyou.com Limited, Sohu.com Limited, Sohu.com (Game) Limited, and Joanna Lv, and Skadden, Arps, Slate, Meagher & Flom LLP, counsel for Defendant Xiao Chen.

(j) "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶37 below.

(k) "Escrow Account" means the separate escrow account that is established at a national banking institution to receive the Settlement Amount for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(l) "Escrow Agent" means Citibank, N.A. (Private Bank).

(m) "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(n) "Final," with respect to a court order, including, but not limited to the proposed Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any

proceeding on *certiorari* to review the order; or (iii) the expiration of the time to file a motion to alter or amend the Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(e); or (iv) if there is a motion to alter or amend the Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(e), the determination of that motion, and the resolution of any appeal of that determination in accordance with subparagraphs (i), (ii), or (v) of this Paragraph; or (v) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses to Lead Counsel, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(o)     "Individual Defendants" means Xiao Chen, Charles Zhang, and Joanna Lv.

(p)     "Judgment" means the proposed judgment and order of dismissal with prejudice to be entered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

(q)     "Lead Counsel" means Labaton Sucharow LLP.

(r)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

(s)      "Notice" means the long-form Notice of Pendency, Proposed Settlement of Class Action, and Motion for Attorneys' Fees and Expenses to be provided to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(t)      "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(u)      "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v)      "Plan of Allocation" means the proposed Plan of Allocation governing the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(w)      "Postcard Notice" means the postcard notice of the pendency of the Action, the Settlement, and motion for attorneys' fees and expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(x)     "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(y)     "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-2.

(z)     "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class or their successors, assigns, executors, administrators, legal representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly, on their own behalf or on behalf of a class, or in a representative capacity, seeking relief for their own benefit or for the benefit of another against any of the Released Defendant Parties: (a) asserted in the Action and/or the E.D.N.Y. Action, or (b) could have been asserted in the Action or in any forum that arise out of, are based upon, or relate to, in any way, to both (i) the holding, disposition or sale of Changyou ADSs during the Class Period, and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in any complaint filed in the Action and/or the E.D.N.Y. Action (collectively, the "Operative Facts and Claims").  For the avoidance of doubt, Released Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) claims asserted in *In re Changyou.com Limited*, No. FSD 120 of 2020 asserted in the Grand Court of the Cayman Islands, Financial Services Division; (iii) any other claims in any

current or future case arising under Cayman law and litigated outside of the United States that do not arise out of or relate to the Operative Facts and Claims; or (iv) any claims of Persons who submit requests for exclusion that are accepted by the Court.

(aa)    "Released Defendant Parties" means Defendants (including Charles Zhang), Changyou Merger Co., Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, divisions, departments, parents, affiliates, principals, successors, predecessors, assigns, officers, directors, shareholders, trustees, partners, members, agents, fiduciaries, contractors, auditors, employees, attorneys, accountants, advisors, and insurers; the spouses, members of the immediate families, representatives, and heirs of any Released Defendant Party who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

(bb)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action and/or the E.D.N.Y. Action except for claims relating to the enforcement of the Settlement.

(cc)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(dd)    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Lead Counsel, and each of their respective past or present trustees,

officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, immediate family members, representatives, and heirs of any Released Plaintiff Party who is an individual, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or that is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person excluded from the definition of Settlement Class or Settlement Class Member, including any Person who timely and validly seeks exclusion from the Settlement Class.

(ee)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ff)    "Settlement Amount" means the total principal amount of one million and seventy-five thousand U.S. dollars ($1,075,000).

(gg)    "Settlement Class" or "Settlement Class Member" means (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the Class Period, who were allegedly harmed by Defendants' conduct.  Excluded from the Settlement Class are: (i) Defendants; (ii) any officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such; and (vi) those who timely and validly request exclusion from the Settlement Class in accordance with the requirements set by the Court, or who are otherwise excluded by the Court.

(hh)   "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(ii)   "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(jj)   "Stipulation" means this Stipulation and Agreement of Settlement.

(kk)   "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3.

(ll)   "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(mm)   "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the

Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(gg); (ii) the appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g)

4.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, affiliates, predecessors, successors, and assigns of each of them, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all of the Released Claims against any of the Released Defendant Parties, including but not limited to any Unknown Claim against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim form or receives proceeds from the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

5.      By operation of the Judgment or Alternative Judgment, as of the Effective Date, Settling Defendants, on behalf of themselves and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, affiliates, predecessors, successors, and assigns of each

of them, in their capacities as such, shall have fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

6.     In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Parties agree are good and valuable consideration, Changyou shall pay, or cause to be paid, the Settlement Amount comprised of $1,075,000.  The Settlement Amount shall be paid into the Escrow Account within thirty (30) calendar days of the later of: (a) entry of the Preliminary Approval Order; or (b) Lead Counsel's provision to Defendants' Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including, but not limited to, verifiable wire transfer instructions and a Form W-9 for the Settlement Fund.

7.     Lead Plaintiff and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder.  With the sole exception of Changyou's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶6 and its obligations under ¶35, and Settling Defendants' obligations under ¶21, the Released Defendant Parties shall have no obligation to pay any additional amounts, nor any responsibility for, interest in, or liability whatsoever with respect to: (i) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Lead Plaintiff or any Settlement Class Member, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Action and Released Claims; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection

with the administration of the Settlement or otherwise; (iii) the management, investment, distribution, or allocation of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8.       Other than the obligation of Changyou to cause the payment of the Settlement Amount pursuant to ¶6, the Released Defendant Parties shall have no obligation to make or cause to be made any other payments into the Escrow Account or to Lead Plaintiff, or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.       The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court and any award to Lead Plaintiff; (iv) to pay any costs and expenses allowed by the PSLRA and awarded by the Court; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the claims of Authorized Claimants.  The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

10.       The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶22-33 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all interest and earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow

Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. §1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or its successor, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with

respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶11.

(b)     All Taxes shall be paid out of the Settlement Fund. In all events, the Released Defendant Parties shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith. Released Defendant Parties shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of the Released Defendant Parties on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)     Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Settling Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax

attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶11.

12.     This is not a claims-made settlement.  As of the Effective Date, Settling Defendants, and/or any other Person funding the Settlement on a Settling Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

### ATTORNEYS' FEES AND EXPENSES

13.     Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiff pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

14.     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the order awarding such attorneys' fees and expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.

15.     Any payment of attorneys' fees and expenses pursuant to ¶¶13-14 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Lead Counsel shall make the appropriate refund or repayment in full no

later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.     With the sole exception of Changyou's obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶6, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

17.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Settling Defendants for any award of attorneys' fees and expenses ordered by the Court.

19.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving

the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶38 or otherwise based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

20.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21.     After the Court enters the Preliminary Approval Order, without further approval from Settling Defendants or further order of the Court, Lead Counsel may pay from the Settlement Fund Notice and Administration Expenses actually incurred.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without approval of Settling Defendants or further order of the Court.  Settling Defendants shall have no responsibility for, and no liability whatsoever with respect to, notice to the Settlement Class or any Notice and Administrative Expenses, except that Settling Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.     The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.  Settling Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶6 and 35 hereof), interest in, or

liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

23.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24.    Settling Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶38 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Settling Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

25.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after a reasonable amount of time from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any award to Lead Plaintiff, the Claims Administrator shall, if feasible, reallocate (which reallocation may occur on multiple

occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

26.    Any Settlement Class Member who fails to submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be forever barred and enjoined from bringing, maintaining, prosecuting any action against each and every one of the Released Defendant Parties concerning the Released Claims or enforcing any and all Released Claim against each and every one of the Released Defendant Parties.

27.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the discretion, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted, or to accept untimely claims if distribution of the Net Settlement Fund will not be materially delayed thereby.  Lead Counsel shall bear no responsibility for the exercise or non-exercise of this discretion.  Settling Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net

Settlement Fund, or the reviewing or challenging claims.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

28.     For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in its discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices, unless such deadline is extended by Lead Counsel in its discretion or by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claim against any Released Defendant Party.  Provided that it is received before the Claims Administrator has completed administering the Settlement, a Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)      Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any claimant whose timely claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

29.      Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class

Member and the validity and amount of the claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

30.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from maintaining, prosecuting any action against each and every one of the Released Defendant Parties concerning the Released Claims or enforcing any and all Released Claims against each and every one of the Released Defendant Parties.

31.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

32.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶26-33) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

33.     No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or other agents designated by Lead Counsel, based on the distributions made

substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

34.     Concurrently with the application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

35.     Changyou shall provide to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within ten (10) calendar days of execution of this Stipulation, its transfer records in electronic searchable form (such as Excel) of the names and addresses of Persons who held or sold Changyou's ADSs during the Class Period, to the extent reasonably available.  Lead Counsel and the Claims Administrator shall use such transfer records solely to effectuate this Settlement and shall in all events keep the transfer records confidential and shall not distribute the transfer records to anyone besides Lead Counsel and the Claims Administrator.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

37.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

        (a)     entry of the Preliminary Approval Order;

        (b)     payment of the Settlement Amount into the Escrow Account;

        (c)     Settling Defendants have not exercised their option to terminate the Settlement under ¶¶38-39;

        (d)     approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

        (e)     a Judgment, substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

38.     Settling Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment that is acceptable to the Parties; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Lead Plaintiff

shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

39.     In addition to the foregoing, Settling Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a)     Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Settling Defendants shall have the right, in their sole discretion, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶44-46 which shall continue to apply.

40.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion, Lead Counsel shall promptly, and certainly no later than three (3) calendar days after receiving a request for exclusion or fifteen (15)

calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

41.     In addition to all of the rights and remedies that Lead Plaintiff has under the terms of this Stipulation, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶6 above, but only if Lead Plaintiff has first provided written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) business days of such written notice.

42.     If, before the Settlement becomes Final, any Settling Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Settling Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternative Judgment entered in favor of the Settling Defendants and the Parties shall be restored to their litigation positions as of November 24, 2021, including all rights and defenses that each of the Parties held.

43.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶38-42 above: (i) neither Settling Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any

exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Settling Defendants or Lead Plaintiff, as applicable.

44.     With the exception of the provisions of this paragraph and ¶¶45-46 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 24, 2021, including all rights and defenses that each of the parties held; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Settling Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise.

45.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement Amount within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel.  At the request of Defendants' Counsel, Lead Counsel or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

46.     Except as set forth in ¶47 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Settling Defendants or any person or entity whatsoever, or of any infirmity in any of the Settling Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption,

concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)      do not constitute, and shall not be construed against any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)      do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

47.      Notwithstanding ¶46 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative

Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## **MISCELLANEOUS PROVISIONS**

48.     All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

49.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

50.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

51.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

54.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Settling Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

55.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

56.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

57.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

58.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via email in pdf format shall be deemed originals.

59.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

60.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties.

61.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

62.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

63.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

64.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

65.     Except as otherwise provided herein, each Party shall bear its own costs.

66.     Notices required or permitted by this Stipulation shall be submitted by email and either by overnight mail or hand delivery as follows:

| Notice to Lead Plaintiff and Class Members: | Notice to Settling Defendants: |
|---|---|
| Carol C. Villegas<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY 10005 | Nicholas Cutaia<br>Goulston & Storrs PC<br>885 Third Avenue<br>New York, NY 10022<br><br>and<br><br>Robert A. Fumerton<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY 10001 |

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 28, 2022.


_Carol Villegas_
Carol C. Villegas
David J. Schwartz
Jake Bissell-Linsk
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email:   cvillegas@labaton.com
            dschwartz@labaton.com
            jbissell-linsk@labaton.com

*Counsel for Lead Plaintiff ODS Capital LLC and the Class*

Nicholas Cutaia
**GOULSTON & STORRS PC**
885 Third Avenue
New York, NY 10022
Telephone: (212) 878-6900
Facsimile: (212) 878-6911
Email:   ncutaia@goulstonstorrs.com

Richard J. Rosensweig (admitted *pro hac vice*)
Abigail Fletes (admitted *pro hac vice*)
Jennifer Mikels (admitted *pro hac vice*)
400 Atlantic Avenue
Boston, Massachusetts 02110
Tel: (617) 482-1776
Fax: (617) 574-4112
Email: rrosensweig@goulstonstorrs.com

| Notice to Lead Plaintiff and Class Members: | Notice to Settling Defendants: |
|---|---|
| Carol C. Villegas<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY 10005 | Nicholas Cutaia<br>Goulston & Storrs PC<br>885 Third Avenue<br>New York, NY 10022<br><br>and<br><br>Robert A. Fumerton<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY 10001 |

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 28, 2022.

_____
Carol C. Villegas
David J. Schwartz
Jake Bissell-Linsk
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email:    cvillegas@labaton.com
             dschwartz@labaton.com
             jbissell-linsk@labaton.com

_Counsel for Lead Plaintiff ODS Capital LLC and the Class_

_____
Nicholas Cutaia
**GOULSTON & STORRS PC**
885 Third Avenue
New York, NY 10022
Telephone: (212) 878-6900
Facsimile: (212) 878-6911
Email:   ncutaia@goulstonstorrs.com

Richard J. Rosensweig (admitted _pro hac vice_)
Abigail Fletes (admitted _pro hac vice_)
Jennifer Mikels (admitted _pro hac vice_)
400 Atlantic Avenue
Boston, Massachusetts 02110
Tel: (617) 482-1776
Fax: (617) 574-4112
Email: rrosensweig@goulstonstorrs.com

Email: afletes@goulstonstorrs.com
Email: jmikels@goulstonstorrs.com

*Counsel for Defendants Changyou.com Limited, Sohu.com Limited, Sohu.com (Game) Limited, and Joanna Lv*


_____
Scott D. Musoff
Robert A. Fumerton
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
Telephone: (212) 735-7852
Facsimile: (917) 777-7852
Email:  scott.musoff@skadden.com
       robert.fumerton@skadden.com

*Counsel for Defendant Xiao Chen*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW CLASS ACTION |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

**WHEREAS:**

A.      On March 28, 2022, ODS Capital LLC ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class, on the one hand, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on October 8, 2021, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,**
**2022 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), and will likely be able to find that the class representative and class counsel have adequately represented the class, the proposal was negotiated at arm's-length and in good faith, the relief provided for the class is adequate, and the proposal treats class members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), who were allegedly harmed by Defendants' conduct.  Excluded from the Settlement Class are: (i) Defendants; (ii) any officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such.  Also excluded from the Settlement Class are those Persons who timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, ODS Capital LLC is preliminarily certified as Class Representative for the

Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____, 2022, at __:____ _.m. for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.     As Court-appointed lead counsel, Lead Counsel has the authority to enter into the Stipulation on behalf of Lead Plaintiff and the Settlement Class, and is authorized to act on behalf of Lead Plaintiff and the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

8.     The Court approves the form, substance and requirements of the Notice of Pendency, Proposed Settlement of Class Action, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Proof of Claim" or "Claim Form"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section

21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

9.      The Court approves the retention of Strategic Claims Services as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Changyou, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, within five (5) business days of entry of this Preliminary Approval Order, the necessary information to ascertain the names and addresses of holders and sellers of record of Changyou's ADSs during the Class Period, as identified in the records from Changyou's transfer agent(s) in electronic searchable form, to the extent reasonably available. Lead Counsel and the Claims Administrator shall use such information solely to effectuate this Settlement and shall in all events keep the information confidential and shall not distribute the information to anyone besides Lead Counsel and the Claims Administrator.

10.     The Claims Administrator shall use reasonable efforts to give notice to nominees such as brokerage firms and other persons and entities that held the ADSs of Changyou.com on April 23, 2020 and/or sold Changyou ADSs during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners who held Changyou ADSs on April 23, 2020 and/or sold Changyou ADSs during the Class Period to the Claims Administrator and the Claims Administrator is ordered to

send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners who held Changyou ADSs on April 23, 2020 and/or sold Changyou ADSs during the Class Period and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to a maximum of $0.03 per name/address provided to the Claims Administrator; up to $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; and up to $0.03 per email by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

11.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

12.     Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms

attached hereto as Exhibits 1 and 2, respectively, to be posted on a webpage to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.  The Claims Administrator shall also mail copies of the Notice and Claim Form upon request.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

13. The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *Globe Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

15. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Claim

Form, postmarked no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in its discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 17 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

17.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice and Settlement webpage for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the Person requests to be "excluded from the Settlement Class in *In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858 (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice and webpage, including, but not limited to: the date(s), price(s), and number(s) of shares of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must state: (a) the name,

10

address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and expenses in *In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858 (S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period, as well as the dates and prices of each such sale.

20.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel representative: Nicholas Cutaia, Goulston & Storrs, 885 Third Avenue, New York, NY 10022; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.

21.     Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice and Settlement webpage shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the

Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

22.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

23.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

24.     As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

25.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on

or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.     No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

27.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

28.     Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff.

29.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 24, 2021.  Further, within thirty (30) calendar days of the Settlement failing to become effective as defined in the Stipulation or after written notification of the Settlement being terminated, any portion of the Settlement Amount previously paid into the Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the

Court as set forth in the Stipulation, shall be returned to those who funded the Settlement Amount, in accordance with instructions provided by Defendants' Counsel to Lead Counsel.

30.     Neither this Order nor the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

31.   The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.


DATED this _____ day of  _____, 2022


                                        BY THE COURT:


                                        _____
                                        Honorable Gregory H. Woods
                                        UNITED STATES DISTRICT JUDGE

# Exhibit A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW CLASS ACTION |

### NOTICE OF PENDENCY, PROPOSED SETTLEMENT OF CLASS ACTION, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you (a) held Changyou.com Limited ("Changyou" or the "Company") American Depositary Shares ("ADSs") on April 23, 2020 and/or (b) sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), and were allegedly damaged, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is **not** a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to receive a payment from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $1,075,000 cash fund, plus any earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.05 per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses, and $0.03 per allegedly damaged share after deductions for awarded attorneys' fees and litigation expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff ODS Capital LLC (the "Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against defendants Changyou.com Limited, Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants") in the class action entitled *In re Changyou.com Limited Sec. Litig.*, No. 1:21-cv-07858-GHW (S.D.N.Y.) (the "Action").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

---

[1]     The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated March ___, 2022 (the "Stipulation"), which can be viewed at www.strategicclaims.net/Changyou/.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2022** | The <u>only</u> way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2022** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 10 for details. |
| **OBJECT BY _____, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2022** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

### SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.    Lead Plaintiff has entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $1,075,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's estimate of the number of Changyou ADSs eligible to participate in the Settlement,

and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.05 per allegedly damaged share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many Changyou ADSs the Settlement Class Member sold (including by tendering) during the Class Period and when; and (iv) whether the Settlement Class Member held Changyou ADSs.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**<u>Statement of Potential Outcome of Case if the Action Continued to Be Litigated</u>**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on the claims. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; and (iii) the fair value of Changyou ADSs at the time Lead Plaintiff and class members sold and the correct measure of damages.

---

[2]   An allegedly damaged ADS might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

3.      Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Settling Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $322,500, plus accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action ("Litigation Expenses") in an amount not to exceed $60,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the "reasonable costs and expenses (including lost wages)"  of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.02 per allegedly damaged ADS.   A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/Changyou/ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to overcome the Settling Defendants' motion to dismiss, prove the allegations in the complaint; the risk that the Court may not certify a class; the uncertainty of a greater recovery after summary judgment, a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for

entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.　　Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.　　Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063, toll-free: (866) 274-4004, email: info@strategicclaims.net, www.strategicclaims.net/Changyou/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.  What is this Notice?** |
| --- |

9.　　The Court authorized that this Notice be provided to you because you or someone in your family may have held or sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"). **Receipt of this Notice or the Postcard Notice of this Settlement does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form.  *See* Question 8 below.**

10.　　Settlement Class Members have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858-GHW.   The Action is assigned to the Honorable Gregory H. Woods, United States District Judge.

| **2.  How do I know if I am part of the Settlement Class?** |
| --- |

12.     The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

 **(a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the Class Period), who were allegedly harmed by Defendants' conduct.**

13.     If one of your mutual funds sold Changyou ADSs during the Class Period and/or held them on April 23, 2020, that does not make you a Settlement Class Member, although your mutual fund may be.   You are a Settlement Class Member only if you individually held Changyou ADSs on April 23, 2020 and/or sold them during the Class Period.   Check your investment records or contact your broker to see if you have any eligible sales or if you held on April 23, 2020.  **The Parties and Claims Administrator do not independently have access to your trading information.**

| **3.  Are there exceptions to being included?** |
| --- |

14.     Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.   Excluded from the Settlement Class are: (i) Defendants; (ii) any

officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such.  Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

| **4.  Why is this a class action?** |
| --- |

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed ODS Capital LLC to serve as Lead Plaintiff and has appointed Labaton Sucharow LLP to serve as Lead Counsel.

| **5.  What is this case about and what has happened so far?** |
| --- |

16.     Changyou is an online game company primarily operating in China.  It had two classes of stock, with Class A shares entitled to one vote per share, and Class B shares entitled to ten votes per share.  In 2009, Changyou conducted a public offering of ADSs in the United States and each ADS represented two class A shares.  Sohu.com Limited ("Sohu") was Changyou's controlling shareholder throughout the Class Period.  In January 2020, Changyou, Sohu Game (a subsidiary of Sohu), and Changyou Merger Co. Limited, agreed to execute a

going private transaction (the "Merger").  The transaction was structured as a "short form" merger, meaning that it did not require a vote of public shareholders.  Through the transaction, Sohu would essentially buy each outstanding ADS for $10.80, resulting in Sohu owning the Company.

17.     Lead Plaintiff alleges, among other things, that the Rule 13e-3 Transaction Statement filed with the U.S. Securities and Exchange Commission ("SEC") and sent to ADS holders in connection with the transaction contained allegedly false and misleading statements regarding the unavailability of "dissenters'" or "appraisal" rights, and other potential rights, for dissenting shareholders in short-form mergers under the Cayman Islands Company Law and/or omitted material information rendering Defendants' statements false and misleading.  Lead Plaintiff alleges that during the Class Period, Defendants' alleged wrongdoing artificially deflated the prices of Changyou ADSs, allegedly mislead sellers of Changyou ADSs concerning their rights and, as a result of their sales (including tendering) of Changyou ADSs, members of the class allegedly suffered damages under the federal securities laws.

18.     On December 8, 2020, a securities class action complaint was filed in the U.S. District Court, Eastern District of New York, styled *ODS Capital LLC v. Changyou.com Limited, et al.*, No. 1:20-cv-05973 (the "E.D.N.Y. Action"). The case was assigned to Hon. Kiyo A. Matsumoto.

19.     By Order dated April 14, 2021, the Court appointed ODS Capital LLC as Lead Plaintiff and approved Labaton Sucharow LLP as Lead Counsel, pursuant to the PSLRA.

20.     On July 2, 2021, Lead Plaintiff filed its Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), which asserted claims (1) against all Defendants, except Defendant Chen, under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (2) against all Defendants under

Section 13(e) of the Exchange Act and Rule 13e-3 promulgated thereunder; and (3) against Defendants Chen, Zhang, and Lv (collectively, the "Individual Defendants") under Section 20(a) of the Exchange Act.  Lead Plaintiff asserted such claims on behalf of a class of (a) all holders of Changyou ADSs on April 23, 2020 (the date of the going private transaction), and (b) all sellers of Changyou ADS during the Class Period.

21.     Prior to filing the Amended Complaint, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the action.  This process included, among other things, analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.  Lead Counsel identified and interviewed numerous former Changyou employees and other persons with relevant knowledge of the underlying allegations.  Lead Counsel also consulted with an expert on damages and loss causation issues.

22.     On August 9, 2021, Settling Defendants filed a pre-motion letter seeking to file a motion to dismiss, which Lead Plaintiff replied to, and Judge Matsumoto held a pre-motion conference on September 2, 2021.  During the conference, Judge Matsumoto raised concerns regarding the appropriateness of venue in the Eastern District of New York.

23.     On September 17, 2021, the parties filed a stipulation agreeing to transfer the E.D.N.Y. Action to the Southern District of New York, a venue that was consented to in the public agreements relating to the ADSs.  Judge Matsumoto transferred the case on September 18, 2021.

24.     On September 21, 2021, the Southern District of New York docketed the transferred case as *In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (the "S.D.N.Y. Action" and, together with the E.D.N.Y. Action, the "Action"), and The Honorable Gregory H. Woods was assigned to the case.

25.     On October 8, 2021, Lead Plaintiff filed a Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), which was substantially the same as the Amended Complaint, with minor changes to reflect the change in venue from the Eastern District of New York to the Southern District of New York.

26.     On October 29, 2021, Settling Defendants served a motion to dismiss the Complaint, which, pursuant to the Court's September 2, 2021 Minute Entry, was not filed on the docket.

27.     In October 2021, the parties began discussing the possibility of reaching a negotiated settlement of the Action, ultimately reaching an agreement in principle to settle later in the fall.  The Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

**6.  What are the reasons for the Settlement?**

28.     The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, Lead Plaintiff and the Settling Defendants agreed to a settlement.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  However, they have considered the arguments asserted in Defendants' Motion to Dismiss, as well as the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the class.  In

light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

29.     Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Each Settling Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability.  Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action.  Settling Defendants have maintained and continue to maintain that each and every one of the Complaint's claims and/or potential claims lacks merit and that Settling Defendants have meritorious defenses to all claims alleged in the Complaint.

## THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

30.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Changyou has agreed to pay, or cause the payment of, $1,075,000 (the "Settlement Amount"), which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the

"Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim

Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8.  How can I receive a payment? |
|---|

31.     To qualify for a payment from the Net Settlement Fund, you must submit a

timely and valid Claim Form.  A Claim Form may be obtained from the Claims Administrator's

website   www.strategicclaims.net/Changyou/,   or   from   Lead   Counsel's   website:

www.labaton.com, or you may submit a claim online at www.strategicclaims.net/Changyou/.

You can also request that a Claim Form be mailed to you by contacting the Claims

Administrator: *In re Changyou.com Limited Sec. Litig.*, c/o Strategic Claims Services, 600 N.

Jackson St., Suite 205, P.O. Box 230, Media, PA 19063, toll-free: (866) 274-4004,

info@strategicclaims.net.

32.     Please read the instructions contained in the Claim Form carefully, fill out the

Claim Form, include all the documents the form requests, sign it, and mail or submit it to the

Claims   Administrator   so   that   it   is   **postmarked   or   received   no   later   than**

**_____, 2022.**

| 9.  What am I giving up to receive a payment and by staying in the Settlement Class? |
|---|

33.     If you are a Settlement Class Member and do not timely and validly exclude

yourself from the Settlement Class, you will remain in the Settlement Class and that means that,

upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the

"Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable

or unfavorable, will apply to you and legally bind you.

(a)     **"Released Claims"** means any and all claims, demands, losses, rights, and causes

of action of any nature whatsoever, known or Unknown Claims (defined below), contingent or

absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or

hidden, regardless of legal or equitable theory and whether arising under federal, state, common,

or foreign law, that Lead Plaintiff or any other member of the Settlement Class or their

successors, assigns, executors, administrators, legal representatives, attorneys, and agents, in

their capacities as such, whether brought directly or indirectly, on their own behalf or on behalf

of a class, or in a representative capacity, seeking relief for their own benefit or for the benefit of

another against any of the Released Defendant Parties: (a) asserted in the Action and/or the

E.D.N.Y. Action, or (b) could have been asserted in the Action or in any forum that arise out of,

are based upon, or relate to, in any way, to both (i) the holding, disposition or sale of Changyou

ADSs during the Class Period, and (ii) any of the allegations, acts, transactions, facts, events,

matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in

any complaint filed in the Action and/or the E.D.N.Y. Action (collectively, the "Operative Facts

and Claims"). For the avoidance of doubt, Released Claims do not include: (i) claims relating to

the enforcement of the Settlement; (ii) claims asserted in *In re Changyou.com Limited*, No. FSD

120 of 2020 asserted in the Grand Court of the Cayman Islands, Financial Services Division; (iii)

any other claims in any current or future case arising under Cayman law and litigated outside of

the United States that do not arise out of or relate to the Operative Facts and Claims; or (iv) any

claims of Persons who submit requests for exclusion that are accepted by the Court.

(b)        **"Released Defendant Parties"** means Defendants (including Charles Zhang),

Changyou Merger Co., Defendants' Counsel, and each of their respective past or present direct

or indirect subsidiaries, divisions, departments, parents, affiliates, principals, successors,

predecessors, assigns, officers, directors, shareholders, trustees, partners, members, agents,

fiduciaries, contractors, auditors, employees, attorneys, accountants, advisors, and insurers; the

spouses, members of the immediate families, representatives, and heirs of any Released

Defendant Party who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

(c)    "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.   With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now

knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Lead Plaintiff and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

(d)     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

34.     Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

35.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

Settling Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10. How do I exclude myself from the Settlement Class?** |
|---|

36.      To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (S.D.N.Y.)"  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the date(s), price(s), and number(s) of shares of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2022** at:

*In re Changyou.com Limited Sec. Litig.*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

37.      This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

38.      If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
|---|---|

39.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2022.**

**THE LAWYERS REPRESENTING YOU**

| 12.  Do I have a lawyer in this case? |
|---|

40.     Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and litigation expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13.  How will the lawyers be paid? |
|---|

41.     Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will seek an attorneys' fee award of no more than 30% of the Settlement Fund, or $322,500, plus accrued interest.  Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $60,000, plus accrued interest, which may include an application in accordance with the PSLRA for the "reasonable costs and expenses (including lost wages)" of the Lead Plaintiff directly related to its representation of the Settlement Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14.  How do I tell the Court that I do not like something about the proposed Settlement?**

42.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

43.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses in "*In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (S.D.N.Y.)."   The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period, as well as the dates and prices of each such sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice or on the Settlement Webpage will be deemed

to have waived any objection and will be foreclosed from making any objection to the proposed

Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your

objection must be filed with the Court **no later than _____, 2022 and** be mailed or

delivered to the following counsel so that it is **received no later than _____, 2022:**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representative** |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **Goulston & Storrs PC** |
| United States District Court | Carol C. Villegas, Esq. | Nicholas Cutaia, Esq. |
| Southern District of New York | 140 Broadway | 885 Third Avenue |
| Daniel Patrick Moynihan U.S. Courthouse | New York, NY 10005 | New York, NY 10022 |
| 500 Pearl Street | | |
| New York, NY 10007 | | |

44.     You do not need to participate in the Settlement Hearing to have your written

objection considered by the Court.  However, any Settlement Class Member who has complied

with the procedures described in this Question 14 and below in Question 18 may participate in

the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may

participate on their own or arrange, at his, her, or its own expense, for a lawyer to represent him,

her, or it at the Settlement Hearing.

**15.  What is the difference between objecting and seeking exclusion?**

45.     Objecting is telling the Court that you do not like something about the proposed

Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still

recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If

you exclude yourself from the Settlement Class, you have no basis to object because the

Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16. When and where will the Court decide whether to approve the Settlement?**

46.     The Court will hold the Settlement Hearing on _____, 2022 at ____ _.m., either remotely or in person, in Courtroom 12C at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

47.     At this hearing, the Honorable Gregory H. Woods will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

48.     The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement webpage at www.strategicclaims.net/Changyou/ to see if the Settlement Hearing stays as scheduled or is changed.

**17. Do I have to come to the Settlement Hearing?**

49.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to participate at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer,

he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2022**.

| **18.  May I speak at the Settlement Hearing?** |
|---|

50.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2022,** submit a statement that you, or your attorney, intend to appear in "*In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858 (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

<strong>IF YOU DO NOTHING</strong>

| **19.  What happens if I do nothing at all?** |
|---|

51.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| 20.  Are there more details about the Settlement? |
|---|

52.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the Claims Administrator's website, www.strategicclaims.net/Changyou/, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (866) 274-4004 or write to the Claims Administrator at *In re: Changyou.com Limited Sec. Litig.,* c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; info@strategicclaims.net.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 21.  How will my claim be calculated? |
|---|

54.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation

will be posted on the Claims Administrator's website at: www.strategicclaims.net/Changyou/ and at www.labaton.com.

55.     As noted above, the Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court).  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

56.     The objective of this Plan of Allocation is to distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Lead Counsel conferred with Lead Plaintiff's damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.   An individual Settlement Class Member's recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many Changyou ADSs the Settlement Class Member sold (including by tendering) during the Class Period and when; and (iv) whether the Settlement Class Member held Changyou ADSs. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against

one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

57.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Changyou ADSs will first be matched on a First In/First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings as of the end of trading on February 18, 2020 and then against holdings in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

58.     A "Recognized Loss Amount" will be calculated as set forth below for each Changyou ADS sold/tendered in the Merger on April 23, 2020, and/or shares sold during the period from February 19, 2020 through April 22, 2020, inclusive, that are listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

A.  For each Changyou ADS held on April 23, 2020 and sold on April 23, 2020 or tendered in the Merger, a **Type A** Recognized Loss Amount per ADS will be calculated as $27.46 per ADS (*i.e.,* the nominal fair value per ADS of $38.26, as estimated by Lead Plaintiff, minus the $10.80 deal price).

B.  For each Changyou ADS held as of close of trading on February 18, 2020 and sold during the period from February 19, 2020 through April 22, 2020, inclusive, a **Type B** Recognized Loss Amount per ADS will be calculated as $38.26 (the estimated nominal fair value per ADS, as estimated by Lead Plaintiff) *minus* the price at which the ADS was sold (excluding all fees, taxes, and commissions).

C.  For each Changyou ADS purchased on or after February 19, 2020 and sold during the period from February 19, 2020 through April 22, 2020, inclusive, a **Type C** Recognized Loss Amount per ADS will be calculated as $38.26 (the estimated nominal fair value per ADS, as estimated by Lead Plaintiff) *minus* the price at which the ADS was sold (excluding all fees, taxes, and commissions).

**Maximum Recovery for Type C Recognized Losses:**  The total proceeds available for Type C Recognized Losses shall be limited to a total amount of no more than 5% of the Net Settlement Fund.


### ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

59.     Changyou ADSs are the only security eligible for a recovery under the Plan of Allocation.

60.     The sum of an Authorized Claimant's Type A, B, and C Recognized Loss Amounts will be the Claimant's "Recognized Claim."

61.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

62.     Purchases or acquisitions and sales of Changyou ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Changyou ADSs during the Class Period shall not be deemed a purchase, acquisition, or sale of these Changyou ADSs for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such shares of such Changyou ADSs unless (i) the donor or decedent purchased or otherwise acquired such shares of Changyou ADSs during the Class Period; (ii) no Claim Form was submitted by or on

behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Changyou ADSs; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

64.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

65.     Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, their damages experts, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved

by the Court, or further orders of the Court.  Lead Plaintiff, Settling Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

66.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

67.    If you **held** Changyou ADSs on April 23, 2020 and/or **sold** Changyou ADSs during the Class Period (February 19, 2020 through April 23, 2020 inclusive) as the record owner but not as the beneficial owner of the ADSs and for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners who held Changyou ADSs on April 23, 2020 and/or sold Changyou ADSs during the Class Period to the Claims Administrator, and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) request copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Postcard Notice directly to all such beneficial owners of the Changyou ADSs. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims

- 27 -

Administrator, to the extent they are available.  You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to a maximum of $0.03 per name/address provided to the Claims Administrator; up to $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; and up to $0.03 per email.  You must provide  the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re Changyou.com Limited Sec. Litig.*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
toll-free: (866) 274-4004
email: info@strategicclaims.net
www.strategicclaims.net/Changyou/

Dated: _____, 2022                    BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

# Exhibit A-2

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW CLASS ACTION |

### PROOF OF CLAIM AND RELEASE

**A. GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *In re Changyou.com Limited Sec. Litig.*, No. 1:21-cv-07858-GHW (S.D.N.Y.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/CHANGYOU/ NO LATER THAN _____, 2022 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2022, ADDRESSED AS FOLLOWS**:

*In re Changyou.com Limited Sec. Litig.*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net/Changyou/

4.      If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class in response to the Postcard Notice dated ____, 2022, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT. RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

## B.  CLAIMANT IDENTIFICATION

1.      You are eligible to file a claim, or have a legal representative file a claim for you, if you are a member of the Settlement Class, which means you: (a) held Changyou.com Limited ("Changyou") American Depositary Shares ("ADS") on April 23, 2020 and/or (b) sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), and were allegedly harmed by Defendants' conduct.  Excluded from the Settlement Class are: (i) Defendants; (ii) any officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such; and (vi) those who timely and validly request exclusion from the Settlement Class in accordance with the requirements set by the Court, or who are otherwise excluded by the Court.

2.      If you held or sold Changyou ADSs in your name, you were the record owner as well as the beneficial owner.  However, if you held or sold Changyou ADSs through a third party, such as a brokerage firm, you were the beneficial owner and the third party was the record owner.

3.      Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Changyou ADSs whose ownership forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S).  All joint owners must sign this claim.

4.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use **Part II** of this form entitled "Schedule of Transactions in Changyou ADSs" to supply all required details of your transaction(s) in Changyou ADSs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) your holdings of Changyou ADSs as of the close of trading on February 18, 2020; (ii) all of your purchases, acquisitions, and sales of Changyou ADSs from February 19, 2020 through April 23, 2020, both dates inclusive; and (iii) all of your holdings in Changyou ADSs as of the close of trading on April 23, 2020, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      Copies of broker confirmations or other documentation of your transactions in Changyou ADSs must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE CLAIMS ADMINISTRATOR DOES NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN CHANGYOU ADSs.**

4.      NOTICE REGARDING ELECTRONIC FILING: Certain claimants with large numbers of transactions may request, either personally or through a legal representative ("Representative Filers"), to submit information regarding their transactions in electronic files. This is different than submitting your claim online using the Claim Administrator website.  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or efile@strategicclaims.net to obtain the required file layout.  The Claims Administrator may also request that claimants with a large number of transactions file their claims electronically. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5.      NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/Changyou/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing.  After filing, you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet reporting your transactions together with your Claim Form.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

| Beneficial Owner Name | | |
|---|---|---|
| Co-Beneficial Owner Name | | |
| Address 1 (Street Name and Number) | | |
| Address 2 (apartment, unit, or box number) | | |
| City | State | ZIP |

| Foreign Province | | Foreign Country | |
|---|---|---|---|
| Telephone Number (home) | | Telephone Number (work) | |
| Email Address | | | |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) | | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): | |

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)          Pension Plan          Trust

Corporation          Estate

IRA/401K          Other _____ (please specify)

## PART II – SCHEDULE OF TRANSACTIONS IN CHANGYOU ADSs

| 1. **HOLDINGS AS OF CLOSE OF TRADING ON FEBRUARY 18, 2020** – State the total number of Changyou ADSs held as of the close of trading on February 18, 2020. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position  Enclosed ○ |
|---|---|---|---|---|
| 2. **PURCHASES/ACQUISITIONS FROM FEBRUARY 19, 2020 THROUGH APRIL 23, 2020.**  Separately list each and every purchase/acquisition of Changyou ADSs from after the opening of trading on February 19, 2020 through and including the close of trading on April 23, 2020.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of ADSs Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquistion Enclosed |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| 3. **SALES FROM FEBRUARY 19, 2020 THROUGH APRIL 23, 2020** – Separately list each and every sale of Changyou ADSs from after the opening of trading on February 19, 2020 through and including the close of trading on April 23, 2020 (including by tendering in the Merger). (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADSs Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| **4. HOLDINGS AS OF THE CLOSE OF TRADING ON APRIL 23, 2020** – State the total number of Changyou ADSs held as of the close of trading on April 23, 2020. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

## PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.      I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated _____, 2022 (the "Stipulation").  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Changyou securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same transactions in Changyou ADSs during the Class Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

3.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, both as defined in the Stipulation.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective

on the Effective Date (as defined in the Stipulation).

      4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

      5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Changyou ADSs which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

      6.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                                (Month / Year)             (City)          (State/Country)

_____       _____
Signature of Claimant                                 Signature of Joint Claimant, if any

_____       _____
Print Name of Claimant                              Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Owner, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if

6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

    *In re Changyou.com Limited Sec. Litig.*
    c/o Strategic Claims Services
    P.O. Box 230

available.

4. **Do not send** originals of certificates.

5. Keep a copy of your Claim Form and all supporting documentation for your records.

600 N. Jackson Street, Suite 205
Media, PA  19063
www.strategicclaims.net/Changyou/
(866) 274-4004

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW |
| | CLASS ACTION |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and/or (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), who were allegedly harmed by Defendants' conduct ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff, on behalf of itself and all members of the proposed Settlement Class, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,075,000 (the "Settlement").

A hearing will be held before the Honorable Gregory H. Woods, either in person or remotely in the Court's discretion, on _____, 2022, at ____ __.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of

Settlement, dated _____, 2022; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Postcard Notice, long-form Notice and/or Claim Form, you may obtain copies of these documents by visiting www. strategicclaims.net/Changyou/, or by contacting the Claims Administrator at:

*In re Changyou.com Limited Sec. Litig.*
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
toll-free: (866) 274-4004
email: info@strategicclaims.net
Settlement Website: www.strategicclaims.net/Changyou/

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON SUCHAROW LLP**
Carol C. Villegas, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than***

_____ __, 2022._  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice and at www. strategicclaims.net/Changyou/so that it is *received no later than _____ __, 2022.*  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice and at www. strategicclaims.net/Changyou/, such that they are *received no later than _____ __, 2022*.

**PLEASE DO NOT CONTACT THE COURT, SETTLING DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2022          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

# Exhibit A-4

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET FOR MORE INFORMATION.*

The parties in the class action *In re Changyou.com Limited Sec. Litig.*, No. 1:21-cv-07858 (S.D.N.Y.), have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Lead Plaintiff alleged violations of the Securities Exchange Act of 1934. Settling Defendants deny any liability or wrongdoing. You are receiving this because you, or someone you represent, may be a member of the following Settlement Class: **(a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADS's during the period from February 19, 2020 through April 23, 2020, inclusive, who were allegedly harmed by Defendants' conduct.**

Setting Defendants have agreed to pay $1,075,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the release of all claims asserted in the Action and related claims that could have been asserted in the Action, whether known or unknown. **For additional information regarding the Settlement and procedures, please review the long-form Notice available at www.strategicclaims.net.** If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $0.05 per share before deduction of Court-approved attorneys' fees and expenses and approximately $0.03 per share after. Your *pro rata* share of the Settlement proceeds will be determined by the plan of allocation in the Notice, or another plan approved by the Court, and the number of valid claims submitted.

**To qualify for payment, you must submit a valid Claim Form. Receipt of this Postcard does not mean you are eligible for a recovery.** The Claim Form can be found at www.strategicclaims.net, or you can request that one be mailed to you. You can also submit a claim via the Settlement Webpage. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2022. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by _____, 2022.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by _____, 2022. The Notice and Settlement Webpage provide instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice and Settlement Webpage.

The Court will hold a hearing on _____, 2022 at __:__.m. at the U.S. Courthouse 500 Pearl Street, New York, NY 10007, Courtroom 12C, or via remote proceedings, to consider whether to approve the Settlement, the Plan of Allocation, and a request by the lawyers representing the Settlement Class for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $60,000. You may attend the hearing and ask to speak, but you do not have to. **For more information, call (866) 274-4004, email info@strategicclaims.net or visit www.strategicclaims.net to review the detailed Notice.**

*In re Changyou.com Limited Sec. Litig.*
Claims Administrator
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

**COURT-ORDERED LEGAL NOTICE**

*In re Changyou.com Limited Sec. Litig.*
Case No. 1:21-cv-07858 (S.D.N.Y.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this notice carefully.**

**For more information, please visit www.strategicclaims.net/Changyou/ or call toll-free: (866) 274-4004**

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CHANGYOU.COM LIMITED
SECURITIES LITIGATION

Case No. 1:21-cv-07858-GHW

CLASS ACTION

**[PROPOSED] FINAL ORDER AND JUDGMENT**

**WHEREAS:**

A.      As of _____, 2022, ODS Capital LLC ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered _____, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2022, at __:__ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Notice of Pendency, Proposed Settlement of Class Action, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Proof of Claim" or "Claim Form"), and the Postcard Notice, substantially in the

forms attached to the Preliminary Approval Order as Exhibits 1, 2 and 4, respectively, be provided to Settlement Class Members and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted using *Globe Newswire*;

D.      The notices advised Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2022;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      On _____, 2022, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2022; and (ii) the notices, which were filed with the Court on _____,

2022.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), who were allegedly harmed by Defendants' conduct.  Excluded from the Settlement Class are: (i) Defendants; (ii) any officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such. [Also excluded from the Settlement Class are those Persons who or which have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies ODS Capital LLC as Class Representative for the Settlement Class and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class.

5.      The Court finds that the provision of the notices and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      [There have been no objections to the Settlement.]

7.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of

payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on October 8, 2021, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     The Court finds that Settling Defendants timely complied with the notice to federal and state officials required pursuant to Section 1715 of the Class Action Fairness Act of 2005.

11.     Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, affiliates, predecessors, successors, and assigns of each of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all of the Released Claims against any of the Released Defendant Parties, including but not limited to any Unknown Claim against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim form

or receives proceeds from the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

12.     Upon the Effective Date, Settling Defendants, on behalf of themselves and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, affiliates, predecessors, successors, and assigns of each of them, in their capacities as such, shall have fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released.

13.     The Court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Lead Plaintiff or any Settlement Class Member: (a) by any Person against the Released Defendant Parties, and (b) by the Released Defendant Parties against any Person; provided, however, nothing herein shall preclude any of the Settling Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement.

14.     Any final verdict or judgment obtained by or on behalf of the Lead Plaintiff, the Settlement Class or any Settlement Class Member against any Person, other than the Released Parties, relating to the Released Claims, shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or a Settlement Class Member for common damages.

15.     Notwithstanding paragraphs 11–14 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

16.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

17.     This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or other wrongdoing of Settling Defendants or any person or entity whatsoever, or of any infirmity in any of the Settling Defendants' defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against

or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

18.     Notwithstanding paragraph 17 above, the Parties, and their respective counsel, may file the Stipulation and/or this Judgment  in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of

claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file the Stipulation and/or this Judgment in any action that may be brought to enforce the terms of the Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

19.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, the Settlement Fund shall be returned in accordance with paragraph 45 of the Stipulation, and Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 24, 2021.

21.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

23.     A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such

9

orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

24.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.


DATED this _____ day of  _____, 2022

                                        BY THE COURT:


                                        _____
                                        Honorable Gregory H. Woods
                                        UNITED STATES DISTRICT JUDGE

**<u>Exhibit A</u>**