# Exhibit 3

# Clean Version of Revised Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW<br><br>CLASS ACTION |

**[REVISED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS:**

A.      On March 28, 2022, ODS Capital LLC ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class, on the one hand, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on October 8, 2021, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2022 that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), and will likely be able to find that the class representative and class counsel have adequately represented the class, the proposal was negotiated at arm's-length and in good faith, the relief provided for the class is adequate, and the proposal treats class members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), who were allegedly harmed by Defendants' conduct.  Excluded from the Settlement Class are: (i) Defendants; (ii) any officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such.  Also excluded from the Settlement Class are those Persons who timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, ODS Capital LLC is preliminarily certified as Class Representative for the

Settlement Class. The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held remotely before the Court, using an operator assisted dial-in conference call number to be obtained by Lead Counsel, on _____, 2022, at __:____ _.m. EDT for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing  or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.    As Court-appointed lead counsel, Lead Counsel has the authority to enter into the Stipulation on behalf of Lead Plaintiff and the Settlement Class, and is authorized to act on behalf of Lead Plaintiff and the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

8.    The Court approves the form, substance and requirements of the Notice of Pendency, Proposed Settlement of Class Action, and Motion for Attorneys' Fees and Expenses (the  "Notice"),  the  Proof  of  Claim  and  Release  form  ("Proof  of  Claim"  or "Claim Form"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, and 4, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section

5

21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

9.    The Court approves the retention of Strategic Claims Services as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Changyou, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, within five (5) business days of entry of this Preliminary Approval Order, the necessary information to ascertain the names and addresses of holders and sellers of record of Changyou's ADSs during the Class Period, as identified in the records from Changyou's transfer agent(s) in electronic searchable form, to the extent reasonably available. Lead Counsel and the Claims Administrator shall use such information solely to effectuate this Settlement and shall in all events keep the information confidential and shall not distribute the information to anyone besides Lead Counsel and the Claims Administrator.

10.    The Claims Administrator shall use reasonable efforts to give notice to nominees such as brokerage firms and other persons and entities that held the ADSs of Changyou.com on April 23, 2020 and/or sold Changyou ADSs during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners who held Changyou ADSs on April 23, 2020 and/or sold Changyou ADSs during the Class Period to the Claims Administrator and the Claims Administrator is ordered to

6

send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners who held Changyou ADSs on April 23, 2020 and/or sold Changyou ADSs during the Class Period and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to a maximum of $0.03 per name/address provided to the Claims Administrator; up to $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; and up to $0.03 per email by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

11.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

12.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms

attached hereto as Exhibits 1 and 2, respectively, to be posted on a webpage to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded. The Claims Administrator shall also mail copies of the Notice and Claim Form upon request. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

13. The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *Globe Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

14. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances.

15. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Claim Form, postmarked no later than five (5) calendar days before the Settlement Hearing. Such

deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 17 of this order.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

9

16.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

17.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice and Settlement webpage for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the Person requests to be "excluded from the Settlement Class in *In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858 (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice and webpage, including, but not limited to: the date(s), price(s), and number(s) of shares of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must state: (a) the name,

address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and expenses in *In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858 (S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period, as well as the dates and prices of each such sale.

20.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel representative: Nicholas Cutaia, Goulston & Storrs, 885 Third Avenue, New York, NY 10022; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.

21.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in paragraphs 19-20 above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the

11

Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

22.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

23.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

24.    As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

25.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on

12

or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.    No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

27.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

28.    Neither Settling Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff.

29.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 24, 2021.  Further, within thirty (30) calendar days of the Settlement failing to become effective as defined in the Stipulation or after written notification of the Settlement being terminated, any portion of the Settlement Amount previously paid into the Escrow Account, including interest earned but less any costs or expenses properly incurred and approved by the

13

Court as set forth in the Stipulation, shall be returned to those who funded the Settlement Amount, in accordance with instructions provided by Defendants' Counsel to Lead Counsel.

30.    Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and the Court has made no findings of fact or law regarding the same.  Neither this Order nor the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be  deemed to be evidence of any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind, or deemed to be evidence  against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be deemed to be an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be deemed to be a finding  against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14

31.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.


DATED this _____ day of  _____, 2022


                                    BY THE COURT:


                                    _____
                                    Honorable Gregory H. Woods
                                    UNITED STATES DISTRICT JUDGE

# Clean Version of Revised Long-Form Notice

REVISED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW<br><br>CLASS ACTION |

**NOTICE OF PENDENCY, PROPOSED SETTLEMENT OF CLASS ACTION,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you (a) held Changyou.com Limited ("Changyou" or the "Company") American Depositary Shares ("ADSs") on April 23, 2020 and/or (b) sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), and were allegedly damaged, you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to receive a payment from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $1,075,000 cash fund, plus any earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes.  This is an average recovery of approximately $0.05 per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses, and $0.03 per allegedly damaged share after deductions for awarded attorneys' fees and litigation expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff ODS Capital LLC (the "Lead Plaintiff") that have been asserted on behalf of the Settlement Class (defined below) against defendants Changyou.com Limited, Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants") in the class action entitled *In re Changyou.com Limited Sec. Litig.*, No. 1:21-cv-07858-GHW (S.D.N.Y.) (the "Action").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated March ___, 2022 (the "Stipulation"), which can be viewed at www.strategicclaims.net/Changyou/.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY _____, 2022** | The <u>only</u> way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2022** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  *See* Question 10 for details. |
| **OBJECT BY _____, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2022** | Ask to speak in Court at the Settlement Hearing about the Settlement.  *See* Question 18 for details. |
| **DO NOTHING** | Get no payment.  Give up rights.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## SUMMARY OF THE NOTICE

<u>Statement of the Settlement Class's Recovery</u>

1.    Lead Plaintiff has entered into the proposed Settlement with the Settling Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $1,075,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiff's estimate of the number of Changyou ADSs eligible to participate in the Settlement,

and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.05 per allegedly damaged share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many Changyou ADSs the Settlement Class Member sold (including by tendering) during the Class Period and when; and (iv) whether the Settlement Class Member held Changyou ADSs.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on the claims. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; and (iii) the fair value of Changyou ADSs at the time Lead Plaintiff and class members sold and the correct measure of damages.

---

[2]    An allegedly damaged ADS might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

3.      Settling Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Settling Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 30% of the Settlement Fund, which includes any accrued interest, or $322,500, plus accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action ("Litigation Expenses") in an amount not to exceed $60,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the "reasonable costs and expenses (including lost wages)" of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.02 per allegedly damaged ADS.  A copy of the Fee and Expense Application will be posted on www.strategicclaims.net/Changyou/ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to overcome the Settling Defendants' motion to dismiss, prove the allegations in the complaint; the risk that the Court may not certify a class; the uncertainty of a greater recovery after summary judgment, a trial and appeals; and the difficulties and delays inherent in such litigation.

6.      For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for

- 4 -

entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8.    Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063, toll-free: (866) 274-4004, email: info@strategicclaims.net, www.strategicclaims.net/Changyou/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.  What is this Notice?** |
| --- |

9.    The Court authorized that this Notice be provided to you because you or someone in your family may have held or sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"). **Receipt of this Notice or the Postcard Notice of this Settlement does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form.  *See* Question 8 below.**

10.    Settlement Class Members have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858-GHW.  The Action is assigned to the Honorable Gregory H. Woods, United States District Judge.

| 2.  How do I know if I am part of the Settlement Class? |
| --- |

12.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **(a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the Class Period), who were allegedly harmed by Defendants' conduct.**

13.    If one of your mutual funds sold Changyou ADSs during the Class Period and/or held them on April 23, 2020, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually held Changyou ADSs on April 23, 2020 and/or sold them during the Class Period.  Check your investment records or contact your broker to see if you have any eligible sales or if you held Changyou ADSs on April 23, 2020.  **The Parties and Claims Administrator do not independently have access to your trading information.**

| 3.  Are there exceptions to being included? |
| --- |

14.    Yes.   There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) any

officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such. Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

| **4. Why is this a class action?** |
| --- |

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this Action, the Court has appointed ODS Capital LLC to serve as Lead Plaintiff and has appointed Labaton Sucharow LLP to serve as Lead Counsel.

| **5. What is this case about and what has happened so far?** |
| --- |

16.     Changyou is an online game company primarily operating in China. It had two classes of stock, with Class A shares entitled to one vote per share, and Class B shares entitled to ten votes per share. In 2009, Changyou conducted a public offering of ADSs in the United States and each ADS represented two class A shares. Sohu.com Limited ("Sohu") was Changyou's controlling shareholder throughout the Class Period. In January 2020, Changyou, Sohu Game (a subsidiary of Sohu), and Changyou Merger Co. Limited, agreed to execute a

going private transaction (the "Merger").  The transaction was structured as a "short form" merger, meaning that it did not require a vote of public shareholders.  Through the transaction, Sohu would essentially buy each outstanding ADS for $10.80, resulting in Sohu owning the Company.

17.    Lead Plaintiff alleges, among other things, that the Rule 13e-3 Transaction Statement filed with the U.S. Securities and Exchange Commission ("SEC") and sent to ADS holders in connection with the transaction contained allegedly false and misleading statements regarding the unavailability of "dissenters'" or "appraisal" rights, and other potential rights, for dissenting shareholders in short-form mergers under the Cayman Islands Company Law and/or omitted material information rendering Defendants' statements false and misleading.  Lead Plaintiff alleges that during the Class Period, Defendants' alleged wrongdoing artificially deflated the prices of Changyou ADSs, allegedly mislead sellers of Changyou ADSs concerning their rights and, as a result of their sales (including tendering) of Changyou ADSs, members of the class allegedly suffered damages under the federal securities laws.

18.    On December 8, 2020, a securities class action complaint was filed in the U.S. District Court, Eastern District of New York, styled *ODS Capital LLC v. Changyou.com Limited, et al.*, No. 1:20-cv-05973 (the "E.D.N.Y. Action").  The case was assigned to Hon. Kiyo A. Matsumoto.

19.    By Order dated April 14, 2021, the Court appointed ODS Capital LLC as Lead Plaintiff and approved Labaton Sucharow LLP as Lead Counsel, pursuant to the PSLRA.

20.    On July 2, 2021, Lead Plaintiff filed its Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint"), which asserted claims (1) against all Defendants, except Defendant Chen, under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; (2) against all Defendants under

Section 13(e) of the Exchange Act and Rule 13e-3 promulgated thereunder; and (3) against Defendants Chen, Zhang, and Lv (collectively, the "Individual Defendants") under Section 20(a) of the Exchange Act. Lead Plaintiff asserted such claims on behalf of a class of (a) all holders of Changyou ADSs on April 23, 2020 (the date of the going private transaction), and (b) all sellers of Changyou ADS during the Class Period.

21.    Prior to filing the Amended Complaint, Lead Plaintiff, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the action. This process included, among other things, analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Lead Counsel identified and interviewed numerous former Changyou employees and other persons with relevant knowledge of the underlying allegations. Lead Counsel also consulted with an expert on damages and loss causation issues.

22.    On August 9, 2021, Settling Defendants filed a pre-motion letter seeking to file a motion to dismiss, which Lead Plaintiff replied to, and Judge Matsumoto held a pre-motion conference on September 2, 2021. During the conference, Judge Matsumoto raised concerns regarding the appropriateness of venue in the Eastern District of New York.

23.    On September 17, 2021, the parties filed a stipulation agreeing to transfer the E.D.N.Y. Action to the Southern District of New York, a venue that was consented to in the public agreements relating to the ADSs. Judge Matsumoto transferred the case on September 18, 2021.

24.     On September 21, 2021, the Southern District of New York docketed the transferred case as *In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (the "S.D.N.Y. Action" and, together with the E.D.N.Y. Action, the "Action"), and The Honorable Gregory H. Woods was assigned to the case.

25.     On October 8, 2021, Lead Plaintiff filed a Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), which was substantially the same as the Amended Complaint, with minor changes to reflect the change in venue from the Eastern District of New York to the Southern District of New York.

26.     On October 29, 2021, Settling Defendants served a motion to dismiss the Complaint, which, pursuant to the Court's September 2, 2021 Minute Entry, was not filed on the docket.

27.     In October 2021, the parties began discussing the possibility of reaching a negotiated settlement of the Action, ultimately reaching an agreement in principle to settle later in the fall.  The Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

## 6.  What are the reasons for the Settlement?

28.     The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, Lead Plaintiff and the Settling Defendants agreed to a settlement.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  However, they have considered the arguments asserted in Defendants' Motion to Dismiss, as well as the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability.  Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the class.  In

light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

29.    Settling Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Each Settling Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability.  Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiff or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action.  Settling Defendants have maintained and continue to maintain that each and every one of the Complaint's claims and/or potential claims lacks merit and that Settling Defendants have meritorious defenses to all claims alleged in the Complaint.

## THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

30.    In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Changyou has agreed to pay, or cause the payment of, $1,075,000 (the "Settlement Amount"), which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the

"Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

---

**8.  How can I receive a payment?**

31.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form may be obtained from the Claims Administrator's website    www.strategicclaims.net/Changyou/,    or    from    Lead    Counsel's    website: www.labaton.com, or you may submit a claim online at www.strategicclaims.net/Changyou/. You can also request that a Claim Form be mailed to you by contacting the Claims Administrator: *In re Changyou.com Limited Sec. Litig.*, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063, toll-free: (866) 274-4004, info@strategicclaims.net.

32.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims    Administrator    so    that    it    is    **postmarked    or    received    no    later    than** _____, **2022.**

---

**9.  What am I giving up to receive a payment and by staying in the Settlement Class?**

33.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     **"Released Claims"** means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims (defined below), contingent or

absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or

hidden, regardless of legal or equitable theory and whether arising under federal, state, common,

or foreign law, that Lead Plaintiff or any other member of the Settlement Class or their

successors, assigns, executors, administrators, legal representatives, attorneys, and agents, in

their capacities as such, whether brought directly or indirectly, on their own behalf or on behalf

of a class, or in a representative capacity, seeking relief for their own benefit or for the benefit of

another against any of the Released Defendant Parties: (a) asserted in the Action and/or the

E.D.N.Y. Action, or (b) could have been asserted in the Action or in any forum that arise out of,

are based upon, or relate to, in any way, to both (i) the holding, disposition or sale of Changyou

ADSs during the Class Period, and (ii) any of the allegations, acts, transactions, facts, events,

matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in

any complaint filed in the Action and/or the E.D.N.Y. Action (collectively, the "Operative Facts

and Claims").  For the avoidance of doubt, Released Claims do not include: (i) claims relating to

the enforcement of the Settlement; (ii) claims asserted in *In re Changyou.com Limited*, No. FSD

120 of 2020 asserted in the Grand Court of the Cayman Islands, Financial Services Division; (iii)

any other claims in any current or future case arising under Cayman law and litigated outside of

the United States that do not arise out of or relate to the Operative Facts and Claims; or (iv) any

claims of Persons who submit requests for exclusion that are accepted by the Court.

(b)    **"Released Defendant Parties"** means Defendants (including Charles Zhang),

Changyou Merger Co., Defendants' Counsel, and each of their respective past or present direct

or indirect subsidiaries, divisions, departments, parents, affiliates, principals, successors,

predecessors, assigns, officers, directors, shareholders, trustees, partners, members, agents,

fiduciaries, contractors, auditors, employees, attorneys, accountants, advisors, and insurers; the

spouses, members of the immediate families, representatives, and heirs of any Released

Defendant Party who is an individual, as well as any trust of which any of the Released Defendant Parties is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest, or assigns of Defendants.

(c)    "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Settling Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Settling Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Settling Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now

- 14 -

knows, suspects, or believes to be true with respect to the Action, the Released Claims, or the Released Defendants' Claims, but Lead Plaintiff and Settling Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Lead Plaintiff and Settling Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

(d)    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

34.    Upon the "Effective Date," Settling Defendants will also provide a release of any claims against Lead Plaintiff and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

35.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.

- 15 -

Settling Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

36.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (S.D.N.Y.)"  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the date(s), price(s), and number(s) of shares of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2022** at:

*In re Changyou.com Limited Sec. Litig.*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

37.    This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

38.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
|---|---|

39.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2022.**

## THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in this case? |
|---|

40.     Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and litigation expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. How will the lawyers be paid? |
|---|

41.     Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will seek an attorneys' fee award of no more than 30% of the Settlement Fund, or $322,500, plus accrued interest.  Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action of no more than $60,000, plus accrued interest, which may include an application in accordance with the PSLRA for the "reasonable costs and expenses (including lost wages)" of the Lead Plaintiff directly related to its representation of the Settlement Class.  Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

- 17 -

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

42.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

43.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses in "*In re Changyou.com Limited Securities Litigation*, No. 1:21-cv-07858 (S.D.N.Y.)." The objection must also state: (i) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of Changyou ADSs held on April 23, 2020 and/or sold during the Class Period, as well as the dates and prices of each such sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice or on the Settlement Webpage will be deemed

to have waived any objection and will be foreclosed from making any objection to the proposed

Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your

objection must be filed with the Court **no later than** _____, 2022 **and** be mailed or

delivered to the following counsel so that it is **received no later than** _____,

**2022:**

| **Court** | **Lead Counsel** | **Defendants' Counsel Representative** |
|---|---|---|
| **Clerk of the Court** United States District Court Southern District of New York Daniel Patrick Moynihan U.S. Courthouse 500 Pearl Street New York, NY 10007 | **Labaton Sucharow LLP** Carol C. Villegas, Esq. 140 Broadway New York, NY 10005 | **Goulston & Storrs PC** Nicholas Cutaia, Esq. 885 Third Avenue New York, NY 10022 |

44.    You do not need to participate in the Settlement Hearing to have your written

objection considered by the Court.  However, any Settlement Class Member who has complied

with the procedures described in this Question 14 and below in Question 18 may participate in

the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may

participate on their own or arrange, at his, her, or its own expense, for a lawyer to represent him,

her, or it at the Settlement Hearing.

---

**15.  What is the difference between objecting and seeking exclusion?**

45.    Objecting is telling the Court that you do not like something about the proposed

Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still

recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If

you exclude yourself from the Settlement Class, you have no basis to object because the

Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

---

**16.  When and where will the Court decide whether to approve the Settlement?**

---

46.     The Court will hold the Settlement Hearing on _____, 2022 at ____ _.m. EDT remotely via an operator assisted conference call.  Settlement Class Members and the public may listen to the proceedings by calling _____.  Settlement Class Members who wish to participate in the proceedings must also submit a Notice of Appearance in the manner described in the answer to Question 18 below **no later than** _____, **2022**.  Any additional instructions for the conference call will be posted at www.strategicclaims.net/Changyou in advance of the Settlement Hearing.  .

47.     At this hearing, the Honorable Gregory H. Woods will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

48.     The Court may change the date and time of the Settlement Hearing without another individual notice being sent to Settlement Class Members.  If you want to participate in or listen to the hearing, you should check with Lead Counsel beforehand to be sure that the date, time and/or procedures for joining have not changed, and periodically check the Settlement webpage at www.strategicclaims.net/Changyou/ to see if the Settlement Hearing stays as scheduled or is changed.

---

**17.  Do I have to participate in the Settlement Hearing?**

---

49.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to participate at your own expense.  If you submit a valid and timely objection, the

Court will consider it and you do not have to participate in the hearing to discuss it.  You may have your own lawyer participate (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2022**.

**18.  May I speak at the Settlement Hearing?**

50.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____, 2022,** submit a statement that you, or your attorney, intend to appear in "*In re Changyou.com Limited Securities Litigation,* No. 1:21-cv-07858 (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19.  What happens if I do nothing at all?**

51.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

- 21 -

**GETTING MORE INFORMATION**

| **20.  Are there more details about the Settlement?** |
|---|

52.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the Claims Administrator's website, www.strategicclaims.net/Changyou/, or the website of Lead Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (866) 274-4004 or write to the Claims Administrator at *In re: Changyou.com Limited Sec. Litig.,* c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; info@strategicclaims.net.  **Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

| **21.  How will my claim be calculated?** |
|---|

54.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation

will be posted on the Claims Administrator's website at: www.strategicclaims.net/Changyou/ and at www.labaton.com.

55.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund.  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court).  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

56.    The objective of this Plan of Allocation is to distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Lead Counsel conferred with Lead Plaintiff's damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) how many Changyou ADSs the Settlement Class Member sold (including by tendering) during the Class Period and when; and (iv) whether the Settlement Class Member held Changyou ADSs. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against

- 23 -

one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

57.    For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Changyou ADSs will first be matched on a First In/First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings as of the end of trading on February 18, 2020 and then against holdings in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

58.    A "Recognized Loss Amount" will be calculated as set forth below for each Changyou ADS sold/tendered in the Merger on April 23, 2020, and/or shares sold during the period from February 19, 2020 through April 22, 2020, inclusive, that are listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number, that number will be set to zero.

A. For each Changyou ADS held on April 23, 2020 and sold on April 23, 2020 or tendered in the Merger, a **Type A** Recognized Loss Amount per ADS will be calculated as $27.46 per ADS (*i.e.,* the nominal fair value per ADS of $38.26, as estimated by Lead Plaintiff, minus the $10.80 deal price).

B. For each Changyou ADS held as of close of trading on February 18, 2020 and sold during the period from February 19, 2020 through April 22, 2020, inclusive, a **Type B** Recognized Loss Amount per ADS will be calculated as $38.26 (the estimated nominal fair value per ADS, as estimated by Lead Plaintiff) *minus* the price at which the ADS was sold (excluding all fees, taxes, and commissions).

C. For each Changyou ADS purchased on or after February 19, 2020 and sold during the period from February 19, 2020 through April 22, 2020, inclusive, a **Type C** Recognized Loss Amount per ADS will be calculated as $38.26 (the estimated nominal fair value per ADS, as estimated by Lead Plaintiff) *minus* the price at which the ADS was sold (excluding all fees, taxes, and commissions).

**Maximum Recovery for Type C Recognized Losses:**  The total proceeds available for Type C Recognized Losses shall be limited to a total amount of no more than 5% of the Net Settlement Fund.

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

59.     Changyou ADSs are the only security eligible for a recovery under the Plan of Allocation.

60.     The sum of an Authorized Claimant's Type A, B, and C Recognized Loss Amounts will be the Claimant's "Recognized Claim."

61.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

62.     Purchases or acquisitions and sales of Changyou ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Changyou ADSs during the Class Period shall not be deemed a purchase, acquisition, or sale of these Changyou ADSs for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such shares of such Changyou ADSs unless (i) the donor or decedent purchased or otherwise acquired such shares of Changyou ADSs during the Class Period; (ii) no Claim Form was submitted by or on

- 25 -

behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Changyou ADSs; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

64.    Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator will, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, a non-sectarian, not-for-profit charitable organization serving the public interest, or such other non-sectarian, not-for-profit charitable organization approved by the Court.

65.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, their damages experts, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved

by the Court, or further orders of the Court. Lead Plaintiff, Settling Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

66.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

67.    If you *held* Changyou ADSs on April 23, 2020 and/or *sold* Changyou ADSs during the Class Period (February 19, 2020 through April 23, 2020 inclusive) as the record owner but not as the beneficial owner of the ADSs and for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners who held Changyou ADSs on April 23, 2020 and/or sold Changyou ADSs during the Class Period to the Claims Administrator, and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) request copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Postcard Notice directly to all such beneficial owners of the Changyou ADSs. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims

Administrator, to the extent they are available. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to a maximum of $0.03 per name/address provided to the Claims Administrator; up to $0.03 per Postcard Notice mailed, plus postage at the rate used by the Claims Administrator; and up to $0.03 per email. You must provide the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*In re Changyou.com Limited Sec. Litig.*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
toll-free: (866) 274-4004
email: info@strategicclaims.net
www.strategicclaims.net/Changyou/

Dated: _____, 2022                                       BY ORDER OF THE UNITED STATES
                                                           DISTRICT COURT
                                                           SOUTHERN DISTRICT OF NEW YORK

- 28 -

# Clean Version of Revised Summary Notice

REVISED

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE CHANGYOU.COM LIMITED
SECURITIES LITIGATION

Case No. 1:21-cv-07858-GHW

CLASS ACTION

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and/or (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), who were allegedly harmed by Defendants' conduct ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiff, on behalf of itself and all members of the proposed Settlement Class, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,075,000 (the "Settlement").

A hearing will be held remotely before the Honorable Gregory H. Woods on _____, 2022, at ____ __.m. EDT, via an operator assisted conference call,    (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated _____, 2022; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund")

to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. Settlement Class Members and the public may listen to the proceedings by calling _____. Settlement Class Members who wish to participate in the proceedings must also submit a Notice of Appearance in the manner described in the long-form Notice and at www. strategicclaims.net/Changyou/ **no later than _____, 2022**. The Court may change the date, time, or procedures for the Settlement Hearing without providing another notice. Any additional instructions for the conference call will be posted at www.strategicclaims.net/Changyou in advance of the hearing. You do NOT need to participate in the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Postcard Notice, long-form Notice and/or Claim Form, you may obtain copies of these documents by visiting www. strategicclaims.net/Changyou/, or by contacting the Claims Administrator at:

*In re Changyou.com Limited Sec. Litig.*
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
toll-free: (866) 274-4004
email: info@strategicclaims.net
Settlement Website: www.strategicclaims.net/Changyou/

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON SUCHAROW LLP**
Carol C. Villegas, Esq.
140 Broadway
New York, NY 10005
www.labaton.com

2

settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than* _____ \_\_*, 2022.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice and at www. strategicclaims.net/Changyou/so that it is *received no later than* _____ \_\_*, 2022.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice and at www. strategicclaims.net/Changyou/, such that they are *received no later than* _____ \_\_*, 2022*.

**PLEASE DO NOT CONTACT THE COURT, SETTLING DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2022        BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# Clean Version of Revised Postcard Notice

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW. STRATEGICCLAIMS.NET FOR MORE INFORMATION.***

The parties in the class action *In re Changyou.com Limited Sec. Litig.,* No. 1:21-cv-07858 (S.D.N.Y.), have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Lead Plaintiff alleged violations of the Securities Exchange Act of 1934. Settling Defendants deny any liability or wrongdoing. You are receiving this because you, or someone you represent, may be a member of the following Settlement Class: **(a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADS's during the period from February 19, 2020 through April 23, 2020, inclusive, who were allegedly harmed by Defendants' conduct.**

Settling Defendants have agreed to pay $1,075,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the release of all claims asserted in the Action and related claims that could have been asserted in the Action, whether known or unknown. **For additional information regarding the Settlement and procedures, please review the long-form Notice available at www.strategicclaims.net.** If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $0.05 per share before deduction of Court-approved attorneys' fees and expenses and approximately $0.03 per share after. Your *pro rata* share of the Settlement proceeds will be determined by the plan of allocation in the Notice, or another plan approved by the Court, and the number of valid claims submitted.

**To qualify for payment, you must submit a valid Claim Form. Receipt of this Postcard does not mean you are eligible for a recovery.** The Claim Form can be found at www.strategicclaims.net, or you can request that one be mailed to you. You can also submit a claim via the Settlement Webpage. **Claim Forms must be postmarked (if mailed), or submitted online, by ___, 2022. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by ___, 2022**. If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by ___, 2022. The Notice and Settlement Webpage provide instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice and Settlement Webpage.

The Court will hold a remote hearing on **_____, 2022 at __:__ _.m. EDT**, via an operator assisted conference call, at (____) ____ - ____, to consider whether to approve the Settlement, the Plan of Allocation, and a request by the lawyers representing the Settlement Class for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $60,000. You may participate in the hearing and ask to speak, but you do not have to. **For more information, call (866) 274-4004, email info@strategicclaims.net or visit www. strategicclaims.net to review the detailed Notice.**

*In re Changyou.com Limited Sec. Litig.*
Claims Administrator
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

### COURT-ORDERED LEGAL NOTICE

*In re Changyou.com Limited Sec. Litig.*
Case No. 1:21-cv-07858 (S.D.N.Y.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this notice carefully.**

**For more information, please visit www.strategicclaims.net/Changyou/ or call toll-free: (866) 274-4004**