USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHANGYOU.COM LIMITED SECURITIES LITIGATION | Case No. 1:21-cv-07858-GHW<br><br>CLASS ACTION |

# FINAL ORDER AND JUDGMENT

**WHEREAS:**

A. As of March 28, 2022, ODS Capital LLC ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and defendants Changyou.com Limited ("Changyou" or the "Company"), Sohu.com Limited, Sohu.com (Game) Limited, Xiao Chen, and Joanna Lv (collectively, "Settling Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, filed July 5, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing for January 27, 2023, at 3:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency, Proposed Settlement of Class Action, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Proof of Claim" or "Claim Form"), and the Postcard Notice, substantially in the

forms attached to the Preliminary Approval Order as Exhibits 1, 2 and 4, respectively, be provided to Settlement Class Members and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted using *Globe Newswire*;

   D. The notices advised Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by January 6, 2023;

   E. The provisions of the Preliminary Approval Order as to notice were complied with;

   F. On December 22, 2022, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on January 27, 2023, at which time all interested Persons were afforded the opportunity to be heard; and

   G. This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

   NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

   1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on March 29, 2022; and (ii) the notices, which were filed with the Court on December

22, 2022. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: (a) all holders of Changyou.com Limited ADSs on April 23, 2020 and (b) all persons and entities that sold (including by tendering) Changyou ADSs during the period from February 19, 2020 through April 23, 2020, inclusive (the "Class Period"), who were allegedly harmed by Defendants' conduct. Excluded from the Settlement Class are: (i) Defendants; (ii) any officers or directors of Defendants during the Class Period (the "Excluded D&Os"); (iii) members of the immediate families of the Individual Defendants and of the Excluded D&Os; (iv) the subsidiaries and affiliates of the Company and any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity, in their capacities as such. No one has sought to be excluded from the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies ODS Capital LLC as Class Representative for the Settlement Class and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class.

5. The Court finds that the provision of the notices and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the

circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There have been no objections to the Settlement.

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on October 8, 2021, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. The Court finds that Settling Defendants timely complied with the notice to federal and state officials required pursuant to Section 1715 of the Class Action Fairness Act of 2005.

11. Upon the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, affiliates, predecessors, successors, and assigns of each of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any and all of the Released Claims against any of the Released Defendant Parties, including but not limited to any Unknown Claim against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member receives the Notice, executes and delivers a valid Proof of Claim form or receives proceeds from the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

12. Upon the Effective Date, Settling Defendants, on behalf of themselves and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, affiliates, predecessors, successors, and assigns of each of them, in their capacities as such, shall have fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

13. The Court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Lead Plaintiff or any Settlement Class Member: (a) by any Person against the Released Defendant Parties, and (b) by the Released Defendant Parties against any Person; provided, however, nothing herein shall preclude any of the Settling Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement.

14. Any final verdict or judgment obtained by or on behalf of the Lead Plaintiff, the Settlement Class or any Settlement Class Member against any Person, other than the Released Parties, relating to the Released Claims, shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Settling Defendants for common damages; or (b) the amount paid by or on behalf of the Settling Defendants to the Settlement Class or a Settlement Class Member for common damages.

15. Notwithstanding paragraphs 11–14 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

16. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

17. This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or other wrongdoing of Settling Defendants or any person or entity whatsoever, or of any infirmity in any of the Settling Defendants' defenses;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

7

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Settling Defendants or the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

18. Notwithstanding paragraph 17 above, the Parties, and their respective counsel, may file the Stipulation and/or this Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file the

Stipulation and/or this Judgment in any action that may be brought to enforce the terms of the Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

19. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, the Settlement Fund shall be returned in accordance with paragraph 45 of the Stipulation, and Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 24, 2021.

21. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

23. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

24. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. The Clerk of Court is directed to terminate all motions and close this case without delay.

DATED this 28th day of January, 2023

BY THE COURT:

_____
Honorable Gregory H. Woods
UNITED STATES DISTRICT JUDGE